[Department One.— June 23, 1883.]

## BENJAMIN SANFORD, RESPONDENT, v. THE CALIFORNIA FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION, APPELLANT.

POLICY OF INSURANCE— FORFEITURE.—A policy of insurance issued to one of its members by a mutual insurance company having authority to levy assessments upon the members for their proportion of the losses and expenses of the company, is not forfeited or suspended by the failure of the insured to pay an assessment thus levied, unless such forfeiture or suspension is provided for as a part of the contract of insurance. If the obligation to pay arises from an independent contract, its violation does not affect the policy.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The case was heard on the judgment roll. A copy of the policy in question was attached to the complaint, and referred to in the findings of the court. By the terms of the policy it was made and accepted subject to the by-laws and regulations of the association then or thereafter existing. Certain by-laws and regulations were set forth in the policy, and the record does not show that any others were ever adopted. The portions of the policy bearing upon the question decided are alluded to in the opinion of the court.

*Pillsbury & Titus*, and *A. W. Thompson*, for Appellant, cited *Lycoming Fire Ins. Co.* v. *Rought*, 97 Pa. St. 415; *Southern Mut. Ins. Co.* v. *Taylor*, 10 Ins. Law Jour. 208; *Hummel & Co's. Appeal*, 78 Pa. St. 320; *Columbia Ins. Co.* v. *Buckley*, 83 Pa. St. 293; *Washington Mut. Fire Ins. Co.* v. *Rosenberger*, 84 Pa. St. 373; *Crawford Co. Mut. Fire Ins. Co.* v. *Cochran*, 88 Pa. St. 230.

*W. S. Goodfellow*, for Respondent.

The policy provides for cancellation at the discretion of the secretary in case of delinquency on the part of the insured. The non-payment does not of itself work a forfeiture.

In all the cases cited by appellant there was an express condition in the policy rendering it null and void if any assessments remained unpaid for thirty days after notice and demand.

McKee J. — The only question in the case is whether the non-payment of an assessment levied against a member of a mutual insurance company for his proportion of losses and expenses incurred by the company, on the plan of insurance upon which the policy was issued, operates to forfeit or suspend the policy.

It is said in *Lycoming Fire Insurance Company* v. *Rought*, 97 Pa. St. 415: " If a member of a mutual insurance company is in default in the payment of an assessment on his policy after due notice, according to the by-laws and rules of the company, the protecting power of the policy is suspended until the assessment is paid. No recovery can be had for a loss sustained during the continuance of such default."

But in that case the contract was made with reference to a by-law of the company which provided that whenever an assessment shall have been made upon the premium notes, and the same is not paid within thirty days after having been demanded by the company, . . . . the policy of insurance given upon such notes shall be null and void until said assessment shall be paid. The time for payment was, therefore, fixed by the contract, and by notice of the assessment and the demand for payment, and the contract itself provided for a forfeiture or suspension of the policy until payment.

The case in hand differs from that in this: there was no time fixed for the payment of the assessment, either by the by-laws of the company or in the notice of the assessment and demand of payment. The liability of the plaintiff to pay the assessment was therefore the result of an obligation arising from an independent contract, which was enforcible against him according to law, and there was nothing in the terms of the policy which declared a forfeiture or suspension of the policy in case of non-payment. On the contrary, while the policy provided that "all persons insuring shall be ratably assessed, and are bound to pay their proportion of all losses and expenses happening to and accruing in or to said association," it also provided for the cancellation of the policy by the secretary of the company whenever he deemed advisable . . . . for non-conformance to the rules and regulations of the association. That discretion was never exercised. There is no claim that the policy was ever cancelled for non-payment of the assessment.

The court found "that no notification or intimation was at any time given by defendant to plaintiff that the assessment was to be paid by or within any particular time; and that the plaintiff has never, at any time, refused to pay it."

It follows that the non-payment of the assessment will not defeat plaintiff's right to recover. The performance or non-performance of an act does not involve a forfeiture of a policy of insurance unless it be so provided by the terms of the policy.

Judgment affirmed.

Ross, J., and McKinstry, J., concurred.