LYDIA J. FERGUSON *vs.* UNION MUTUAL LIFE INSURANCE
COMPANY.

Hampden.    September 27, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Construction.    *Insurance, Life.*

In the construction of an instrument in writing clauses should not be construed as repugnant if by any reasonable interpretation they can be reconciled so as to give force and effect to each.

A policy of life insurance, declared in its first paragraph to be a "non-forfeiture" policy, contained a provision "that after two or more of said annual premiums have been fully paid, this policy becomes a paid up, non-forfeiture policy, for an amount equal to the sum of one tenth of that hereby insured for each and every premium which shall have been so paid; requiring no further payments of premiums." The policy also contained a provision and condition "that if the amount of any annual premium herein provided for is not fully paid, with the interest due thereon, on the day and in the manner so provided for, then this policy shall be null and void, and wholly forfeited." *Held*, that properly construed these two provisions were not in conflict; that, after the payment of two premiums the right to paid up insurance became vested, and if from a failure to pay a subsequent premium the general policy lapsed, there would remain a paid up non-forfeiture policy for two tenths of the amount named, and so long as the annual premium continued to be paid, each year would add one tenth more to the amount of insurance secured.

A provision for forfeiture in a policy of life insurance, being inserted for the benefit of the insurer, is not to be extended by implication, and if it is susceptible of more than one meaning that which is most favorable to the insured should be adopted.

CONTRACT on a policy issued by a life insurance company, organized under the laws of the State of Maine, upon the life of one George D. Ferguson, late husband of the plaintiff. Writ dated May 15, 1903.

In the Superior Court the case was heard upon the pleadings and an agreed statement of facts by *White*, J., without a jury. The judge refused to rule as a matter of law that upon all the evidence the plaintiff could not recover. He found that the plaintiff's husband, under the paid up non-forfeiture clause of the policy set out in the declaration, had fully paid six consecutive annual premiums within the meaning and requirements of the policy, and that the plaintiff was entitled to recover in this ac-

tion $600, less $99, the amount due on the premium note given in the sixth year, with interest from the date of the writ.   He accordingly found for the plaintiff in the sum of $527.39 ; and the defendant alleged exceptions, raising the questions stated by the court.

*E. H. Lathrop*, for the defendant.

*E. H. Young*, for the plaintiff.

BRALEY, J.   The policy of insurance upon which this action is brought contains provisions not generally found combined in such contracts in the form presented.   In the first paragraph it purports in full-faced capital letters to be a "non-forfeiture whole life" policy, issued upon application of the wife of the insured for her separate use and benefit, and after reciting the amount of the annual premium, and receipt of its first payment, and the amount of insurance secured, expressly provides "that after two or more of said annual premiums have been fully paid, this policy becomes a paid up, non-forfeiture policy, for an amount equal to the sum of one tenth of that hereby insured for each and every premium which shall have been so paid ; requiring no further payments of premiums, subject to no assessments, but entitled to its apportionment of the surplus accumulation in the ratio of its contribution thereto."   This is immediately followed by the company's promise to pay " the said sum insured" upon notice and proof of death during " the continuance and before the termination of this policy", and also " the just claim of the assured . . . under this policy."   It also contained these ʿsubse- quent provisions that "provided especially, and this policy is made, and it is accepted by the assured and the said insured * upon the express condition, that if the amount of any annual premium herein provided for is not fully paid, with the interest due thereon, on the day and in the manner so provided for, then this policy shall be null and void, and wholly forfeited;" and "it is a further condition of this policy, accepted by the assured and the said insured, that if, at any time, any note, check or draft shall be given in payment or part payment of any an- nual premium then due or to become due, for or on account of this policy, and such note, check or draft, shall not be paid

---

* i. e. by the beneficiary and the person whose life is insured.

according to the provisions thereof, then said policy shall become immediately void, and the company be thereby released from all obligations under it."

These clauses should not be construed as repugnant unless irreconcilable with any reasonable interpretation which incorporates them as forming a harmonious plan for insuring the life of the plaintiff's husband, and a construction is to be adopted which, if possible, will give force and effect to each of them. *Campbell* v. *New England Ins. Co.* 98 Mass. 381, 394. *Morrill & Whiton Construction Co.* v. *Boston*, 186 Mass. 217. *Thissell* v. *Schillinger*, 186 Mass. 180, 184.

The clause of non-forfeiture was devised to work automatically, and in order to become entitled to paid up insurance no affirmative action on the part of the assured, or the insured, became necessary, for as soon as two premiums at least had been paid, if the policy lapsed by reason of a failure to pay any annual premium thereafter due, she had a "paid up, non-forfeiture policy" for two tenths of the whole amount, and so long as the annual premium continued to be paid, each year added one tenth more to the amount of insurance already secured.

As the only condition required to give life to this part of the contract was the payment of premiums, we proceed to inquire whether there was any evidence to support the finding made in favor of the plaintiff that six annual premiums had been paid in the lifetime of the insured.

It is implied not only from the last two provisions already quoted, but from the further stipulation in the policy that " said company shall have a right to set off any demand it shall have against either said assured or insured, their assigns or representatives, arising incidentally to, or in connection with, this insurance, against any claim for which this company shall be liable thereon "; that the annual premium might be paid in whole or in part by the promissory note of either the assured or insured.

Beginning with the first payment the annual premium was adjusted partly by a payment of money and partly by the acceptance of the non-negotiable promissory note of the insured, and after the first premium a statement of subsequent premiums was sent to him yearly by the secretary of the defendant.    Each

statement after stating the amount of the annual premium, designated in detail the part to be paid in money; the amount of interest due on the "regular premium note" given the year before in part payment of the premium then due; the amount of the "former note, herewith returned"; and the balance showed the "total amount of the new note"; and then directed that payment in this manner could be made to its "authorized agent", and when so made the policy would be continued "in force for one year."

The agent each year, on receiving the note, and payment of the money, delivered the premium receipt, with the statement, "I have received the above payment, in cash and notes," and this course of dealing between the parties was uniform, and continued through several years. The last settlement was made on February 17, 1875, when the insured paid the whole premium by two notes, one called a "cash note", and representing the percentage of the premium which should have been paid in money, and the other the "premium note", representing the part payable by such a note. This last note also included the amount of all notes previously given, for the insured while paying the interest annually due thereon, had not paid any part of the principal of the six preceding notes. When the cash note became due, and remained unpaid, the secretary of the company wrote three indorsements on it, each extending the time of payment, and providing that if then paid "the payment of the within note . . . will hold the company liable under this policy", and thus by implication recognized the premium note as being part payment of premiums within the terms of the policy.

It is to be observed that after the first note had been given, each new note not only included the amount of the former note, which was returned and surrendered, but was increased by the note part of the yearly premium then due, and a possible argument, that the premium note last given was only the last renewal of the first and succeeding notes, and hence the premiums had not been paid is disposed of by the finding. *Eames* v. *Cushman,* 135 Mass. 573.

Under the terms of the policy, which provided no exclusive mode of payment, and thus left the parties free to adopt any method they pleased, and from the uniform course of dealing

between them, the form and nature of the several transactions at the settlement of each annual payment, and the action taken by those lawfully representing the company, abundant evidence was furnished to support the conclusion of fact that six annual premiums had been paid on the policy. *White* v. *Connecticut Ins. Co.* 120 Mass. 330, 332. *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151, 160. *Agawam National Bank* v. *Downing,* 169 Mass. 297. *Kendall* v. *Equitable Assur. Society,* 171 Mass. 568, 573. *Mowry* v. *Home Ins. Co.* 9 R. I. 346, 355. *Union Central Ins. Co.* v. *Taggart,* 55 Minn. 95, 96.

The defendant, however, further contends that as the policy calls for a forfeiture, if any note given in whole or part payment of premiums is not paid at maturity, " the contract lies both in the policy and the notes given for premiums," and as neither the last premium note, nor the " cash note ", were paid there can be no recovery. *Pitt* v. *Berkshire Ins. Co.* 100 Mass. 500. By the express language of the policy the beneficiary agreed to pay the premiums, and she, as well as the insured, was bound by the clause relating to their payment, so that if a failure to pay these notes forfeited all rights under it, she cannot recover at common law. See *Pingrey* v. *National Ins. Co.* 144 Mass. 374, 382 ; *Boyden* v. *Massachusetts Ins. Co.* 153 Mass. 544, 546. And as the defendant is a foreign corporation the policy had no cash surrender value which she can recover under our statutes. *Haskell* v. *Equitable Assur. Society,* 181 Mass. 341, 342.

Under this argument the plaintiff has no better standing than if she sought to recover upon a paid up policy which contained the express condition that if a promissory note given in settlement of a premium due under the original policy, and outstanding when the paid up policy was issued, should remain unpaid, the policy should be forfeited. *Pitt* v. *Berkshire Ins. Co., ubi supra.* *Holman* v. *Continental Ins. Co.* 54 Conn. 195, 212.

Nor would it affect its force, if applicable, that all the premiums except the last had been paid in money, as a failure to pay the notes was in effect a failure to pay the last premium, and she would have forfeited not only all claim to future insurance, but also to the paid up portion.

If this policy had contained the provision that after a certain

number of premiums had been paid, upon a failure to pay future premiums the company would issue a paid up policy for a certain sum, less any indebtedness to the company, such an argument ought not to prevail, for the right under such a contract to a paid up policy would depend not upon a failure to pay an annual premium, but would rest on the number of such premiums already paid.   By the contract in suit this result is obtained on the payment of the necessary number of premiums, but no further action, such as issuing a new policy for the amount of paid up insurance, or indorsing the amount on the old policy on demand, was required.

The clause for non-forfeitable paid up insurance, to have any place in the plan of life insurance presented by this contract, must be held to mean what it says, and to accomplish in this way a result similar to that reached under a form of contract to which we already have referred, and, if so, a failure to pay a subsequent premium would not destroy the effect of the payment of two or more previous premiums, as being payments within the meaning of this part of the policy.

All benefits under the policy of whatever kind would have been forfeited if the second annual premium had not been paid; after that was paid, the right to paid up insurance became vested, and the continuation of the general insurance would depend on the payment of the annual premium, while the clause declaring a forfeiture upon a failure to pay any note, given in payment, or part payment of the annual premium, if treated as equivalent to a failure to pay the premium itself, is limited in its scope, after the second annual premium had been paid, to the contract as a general policy of life insurance.   *Cowles* v. *Continental Ins. Co.* 63 N. H. 300, 301.   *Bruce* v. *Continental Ins. Co.* 58 Vt. 253.   *Symonds* v. *Northwestern Ins. Co.* 23 Minn. 491.

In the last premium note, which had not matured when the policy lapsed, the condition is that the acceptance of the note, "shall in no wise affect the condition in said policy, that the non-payment of any other portion of said annual premium, or the non-payment of the annual interest hereon when due, shall, in either case, cause the immediate forfeiture of said policy."

The portion of the premium to which reference is made was covered by the cash note, and as the premium note had been

accepted, the benefit secured by a payment of the cash note would have been a renewal of the general insurance for another year, and the addition of one tenth of the face of the policy to the amount of paid up insurance already accrued.

But there is nothing in the conditions of the policy, or of either note that directly refers to a forfeiture of the paid up insurance if the notes are not paid, and it should not be read into them by implication, for a forfeiture is for the benefit of the insurer, and where it is found to exist is confined to the terms which create it. If such stipulations are susceptible of more than one meaning that which is most favorable to the insured should be adopted. *McAllister* v. *New England Ins. Co.* 101 Mass. 558, 561. *Bartlett* v. *Union Ins. Co.* 46 Maine, 500. *Hoffman* v. *Ætna Ins. Co.* 32 N. Y. 405, 414. *Reynolds* v. *Commerce Ins. Co.* 47 N. Y. 597, 604. *Allen* v. *St. Louis Ins. Co.* 85 N. Y. 473. *Western Ins. Co.* v. *Cropper*, 32 Penn. St. 351, 356. *Fowkes* v. *Manchester & London Assur. Assoc.* 3 B. & S. 917, 923.

A failure to comply with these executory stipulations should be held therefore to relate to their effect as conditions precedent to continuing the general policy in force, and not as designed to destroy the contract of paid up insurance.

By this construction the different clauses of the policy are found not to be in conflict, but to present, combined in one contract, a form of life insurance that, after the assured had complied with certain clearly specified requirements, silently secured to her from year to year the full benefit ordinarily attaching to a paid up policy, and at the same time conferred the protection of continued general insurance for the full amount of the policy so long as the annual premiums were paid in the manner adopted, while the defendant was amply protected by the express stipulation that upon the death of the insured, if the settlement made was for either form of insurance, any indebtedness then due to it should be deducted from the amount to be paid to the plaintiff. *Cowles* v. *Continental Ins. Co.*, *Bruce* v. *Life Ins. Co.*, *Symonds* v. *Northwestern Ins. Co.*, *ubi supra.*

*Exceptions overruled.*