## Titlow *v.* Reliance Life Insurance Company, Appellant.

*Insurance—Life insurance—Policies—Construction—Default in payment of premiums—Decision by company—Recovery of premiums previously paid—Absence of forfeiture clause.*

1. A contract of life insurance providing for the payment of a definite sum to the insured at a definite period, or to his legal

representatives at his decease before the end of the period, in consideration of certain annual premiums to be paid by the insured during the continuance of the policy, without qualifying provision of any kind whatever, is not a contract of insurance for one year in consideration of an advance payment with the right of the insured to continue it from year to year upon payment of the stipulated premium, but a contract indivisible and continuous and the consequence of a default ·in payment of one of the premiums is to be determined by common law principles parties themselves having failed to provide otherwise.

2. In an action to recover premiums previously paid in a policy of life insurance by the terms of which the insurance company agreed in consideration of the payment in advance of a yearly premium and the annual payment of a like sum on or before a given date in each year during the life of the insured or until premiums for twenty full years should have been paid, to pay a principal sum to the insured's estate, or to himself if he should be living, subject to certain printed conditions and stipulations, not, however, including any forfeiture for the nonpayment of premiums, where it appeared that after paying several premiums the insured became in default beyond the period of grace, that a short time later he tendered to the company his check for the amount of premium due with interest, which the company returned and declared the policy void, without any offer to refund the premiums previously paid, a verdict for the plaintiff for the amount of the premiums paid was sustained.

3. In such case the plaintiff's default in the payment of premiums was a breach of contract and it was then open to the insurer either to waive the breach and accept payment of the premium when offered, in which case the contract would continue uninterrupted, or regarding the default as indicating a desire on the part of the insured to rescind the contract, it could join in that rescission and thereby relieve itself from all further liability on the policy, but only upon refunding what it had received, thus placing the insured in the position he was in before the contract was entered into.

Mutual Life Insurance Company v. Girard Life Insurance Company, 100 Pa. 172, distinguished. American Life Insurance v McAden, 109 Pa. 399, followed.

Argued May 11, 1914. Appeal, No. 319, Jan. T., 1914; by defendant, from judgment of C. P. Fayette Co., June Term, 1912, No. 471, on verdict for plaintiff, in case of George F. Titlow and Margaret J. McClelland v. Re-

liance Life Insurance Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for money had and received. Before UMBEL, P. J.

The opinion of the Supreme Court states the case.

The jury found a verdict for plaintiff for $7,718.36, upon which judgment was subsequently entered.

*Error assigned* was in refusing defendant's point for binding instructions and dismissing motion for new trial.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *John G. Frazer* and *Reed, Smith, Shaw & Beal,* for appellant.—A life insurance policy is a contract for insurance for one year with the right of the insured to continue it from year to year or period to period by paying the stipulated premium: Mutual Life Insurance Co. v. Girard Life Insurance Co., 100 Pa. 172; Holly v. Metropolitan Life Insurance Co., 105 N. Y. 437; New York Life Ins. Co. v. Statham, 93 U. S. 24; Hollingsworth v. Frye, 4 Dallas 345; Shaw v. Turnpike Co., 2 P. & W. 454.

*W. J. Sturgis,* of *Reppert, Sturgis & Morrow,* for appellee.—The policy contained no express provision for automatic forfeiture or lapse on failure to pay premiums; forfeitures are odious in the eyes of the law and will be enforced only in clear cases; forfeitures never arise by implication; he who claims a forfeiture must be able to put his finger on the provision of the contract expressly providing for it. Hence, a forfeiture is never aided by construction: Mutual Life Ins. Co. of New York v. Allen, 212 Ill. 134; Stewart v. Union Mutual Life Ins. Co., 155 N. Y. 257; Haas v. Mutual Life Ins. Co., 84 Neb. 682 (121 N. W. Repr. 996); Equitable Life Assur. Soc. v. Golson, 159 Ala. 508; Gruwell v. Nat.

Council K. & L. S., 126 Mo. App. 496 (104 S. W. Repr.
884); Ingersoll v. Mutual Life Ins. Co. of N. Y., 156
Ill. App. 568; Perry v. Banker's Life Insurance Co.,
62 N. Y. Supp. 553; American Life Ins. Co. v. McAden,
109 Pa. 399; Francis v. Prudential Ins. Co., 243 Pa.
380; Kerns v. Ins. Co., 11 Pa. Superior Ct. 209; Mc-
Nulty v. Ins. Co., 7 Pa. Superior Ct. 1; Marshall v.
Fire Ins. Co., 176 Pa. 628; Klein v. Ins. Co., 104 U. S.
88; Thompson v. Ins. Co., 104 U. S. 252; McMasters v.
Ins. Co., 183 U. S. 25.

OPINION BY MR. JUSTICE STEWART, October 5, 1914:

The Reliance Insurance Company issued to George F.
Titlow a policy of life insurance under date of 23d July,
1909, by the terms of which it agreed, in consideration of
the payment in advance of the sum of Twenty-eight hun-
dred and sixty dollars ($2,860.00), the receipt of which
was acknowledged, and the annual payment of a like sum
on or before the 23d day of July in each year during the
life of the insured, or until premiums for twenty full
years should have been paid, to pay the sum of Fifty
thousand dollars to the insured's executors, administra-
tors or assigns, upon acceptance of proofs of the death
of the insured, or, if the insured be living on the 23d day
of July, 1929, to the insured himself or his assigns.  The
policy was subject to certain printed conditions and
stipulations none of which have any bearing on the ques-
tion here at issue, and therefore need not be here recited.
In August following the delivery of the policy, the in-
sured, with the consent and approval of the company, as-
signed his entire interest in the insurance to Margaret J.
McClelland as collateral security for an indebtedness
exceeding the insurance, and which is still owing.  By
subsequent agreement between the parties the premiums
were made payable in quarterly installments, that is to
say, $759.50 on the 23d day of July, and a like sum every
three months thereafter.  These quarterly installments
had been regularly met by the insured down to and in-

cluding that of 23d of November, 1911, the payments so made aggregating $7,423.00. The next installment thereafter was that due 23d January, 1912. By the terms of the policy thirty days' grace were allowed on all premiums, and the insured therefore could not be in default with respect to this installment until thirty days from 23d January, 1912. This period of grace expired without payment. Within six days after the limit had expired the insured visited the office of the company in Pittsburgh prepared to make payment. The official of the company with whom he dealt, William C. Smith, agency cashier, calculated the interest due on the arrearages of premium, and for the total amount thus ascertained, $763.26, the insured drew his check and delivered the same to the official who accepted it. Whether the check was accepted in payment of the premium due January 23d preceding, as the insured contends, or, as the papers in the case indicate, in connection with an application on part of the insured for a reinstatement of the policy which the company then claimed, as it does now, had lapsed and terminated because of nonpayment of the premium at the time appointed, is, as we view the case, a wholly immaterial question. If default in payment of premium had not, ipso facto, terminated the policy, what was done thereafter by the insured to effect a reinstatement of the policy would not estop him from now asserting his rights under the original contract, except as the insurance company had been misled thereby to its own hurt, which is not pretended. The insurance company alleging a lapse of the policy by reason of nonpayment of premium, and that the check had been received in connection with an application for reinstatement of the policy which was refused, returned the check and declared the policy void. Thereupon the insured brought his action to recover the premiums previously paid.

As the case was submitted to the jury it was made to turn on questions not only not governing, but unrelated

to the one question which was in itself controlling; as, for instance, the question whether the insurance company by its course of dealing with the insured had given him reason to believe that prompt payment of premium would not be required, or, in other words, that he would be indulged in case of failure; and the further question, whether the company had exercised good faith in refusing the application of the insured for a reinstatement of his policy. Notwithstanding this misdirection a conclusion was reached on the trial which accords with the law of the case, as we shall endeavor to show.

While the action was not on the policy, but for money had and received, the policy nevertheless determined the rights and obligations of the parties and its construction was for the court. Did it evidence an entire contract for a period of thirty years, if the insured should so long live? or, a contract of insurance for one year, with the privilege of renewing it from year to year thereafter during the period named, on condition of advanced payment of a premium for each year? If the latter, then it was severable, and it would follow that the payment of the premium for any year being a condition precedent, except as paid in advance there could be no existing contract for such year, the insurance for the preceding year having fully expired; if the former, then default in the payment of any installment of premium would simply be a breach of the contract which would not by itself, without more, terminate the contract, but leave it in full force and vigor for the parties to ascertain and assert their respective rights thereunder. In the one case there would be no existing contract, a condition precedent never having been met; in the other, there would be a violated contract but one still subsisting until rescission by act of the parties. It is the contention of the appellant that the contract here was divisible; that the insurance was never more than for a year, and that each continuance beyond the year was in effect a new insurance but inoperative except as the premium had been paid.

If this be a correct view of the contract it would be manifestly inequitable and unjust to require the insurance company to refund to the insured what the latter had voluntarily paid for what he had received. The case relied upon as supporting the view advanced by appellant is Mutual Life Insurance Company v. Girard Life Insurance Company, 100 Pa. 172, where in course of the opinion it is said:

"The contract of life insurance is really a contract for an insurance for one year in consideration of an advance payment, with the right of the insured to continue it from year to year upon payment of the premiums as stipulated. The assured is not bound to pay anything, and may drop his policy at the end of any one year. He does drop it and the company is released, if he does not pay. In such case there is a lapse of the policy."

While the language here used is very general, it has never been understood as expressing a rule applicable to any other kind of a policy than was there under consideration. The policy in that case contained the following provision:

"If the said premium shall not be paid on or before the days above mentioned for the payment thereof...... then and in every such case the said company shall not be liable for the payment of the sum assured, or any part thereof, and this policy shall cease and determine."

The precise ruling of the court was this:

"With the nonpayment of the premium on the day appointed the policy lapsed by virtue of the contract between the parties."

Whether it be entirely correct to say of such a contract that it is an insurance for a year need not here be discussed, for certain it is that as much cannot be said of a contract such as we are dealing with here, which contains no provision whatever for lapsing of the policy and stipulates for nothing as a consequence of default in payment of premium. This marked difference between the two policies shows the inapplicability of the

ruling in the case cited to that in hand.   Here we have a contract indivisible and continuous, providing for the payment of a definite sum to the insured at a definite period, or to his legal representative upon his decease before the end of the period, in consideration of certain annual payments to be made by the insured during the continuance of the policy, without qualifying provision of any kind whatever.   In all such contracts the consequence of a default in payment of the consideration is to be determined by common law principles, the parties themselves having failed to provide otherwise.   Applying these we have here this result:  When the insured made default in payment of the premium due it was a breach of the contract, and it was then open to the insurer either to waive the breach and accept payment of the premium when offered,—in which case the contract would continue uninterrupted,—or, regarding the default as indicating a desire on part of the insured to rescind the contract, it could join in that rescission and thereby relieve itself of all further liability on the policy, but, only upon refunding what it had received, thus placing the insured in the position he was in before the contract was entered into.   Forfeiture here is out of the question; the contract provided for none, and the law visits no such penalty.

"If, however, the policy contains no such proviso (forfeiture for nonpayment of premium) though the charter and by-laws require the payment of annual premiums the nonpayment of the annual premium when due does not work a forfeiture.   Such a policy insures for the number of years stipulated absolutely, leaving the annual payment of the premium to be enforced, not as a condition, but as part of the consideration agreed to be paid."   May on Insurance, Sec. 343.

What the appellant company here did was to return to the policyholder the check he had given for the overdue premium, with interest, a day or two after it had received it with notification that "the policy is not in force,

nor has it any further value," unaccompanied by any offer to refund the $7,423.00 which the insured had previously paid in the way of premium. This attempt to terminate the policy was ineffectual, and it was then open to the insured to enforce the obligation of the company or, assenting to the rescission, demand that he be made whole. The case of American Life Insurance Co. v. McAden, 109 Pa. 399, is directly in point. There premiums had been paid amounting to over $4,000 when the default occurred. Within a day or two of the default, tender was made of the unpaid premium and it was refused by the company on the ground that the default had forfeited the policy. The action was brought, not on the policy, but as upon a rescission of it, to recover the premiums paid, just as here. A recovery resulted, and from the judgment entered the company appealed. In the opinion filed affirming the judgment, Mr. Justice CLARK discusses at length the principles which there governed, and they are conclusive of the present controversy. The slight difference of fact in the two cases is of no significance. The defense relied upon there was forfeiture in consequence of default in payment of the premium pursuant to an alleged stipulation in the policy providing for such forfeiture; but the offer of the policy on the trial had been refused, and not being before the court the case was treated as though no such provision was contained in it, thus bringing the case on its facts into exact parallel with this. The opinion thus proceeds: ·

"The policy, when made, was admittedly valid; the premiums which were paid were voluntarily paid upon that policy, the risk had been running for ten years; the obligations of the contract were long since in force, on both sides, and it is clear that the plaintiffs could not on their own mere motion rescind it, so as to recover back the premiums paid; but if after receiving the several premiums, the company without right refuse to receive further premiums as they mature, deny their obli-

gation, and declare the contract at an end, the plaintiff, we think, may take the defendants at their word, treat the contract as rescinded, and recover back the premiums paid, as so much money had and received for their use. Rescission or avoidance, properly so-called, annihilates the contract and puts the parties in the same position as if it had never existed; and notice that a party will not perform his contract has the same effect as a breach: Ballou v. Billings, 136 Mass. 307. It is of no consequence that the payment of the premiums was voluntary, upon a valid obligation of the plaintiff to discharge a debt which the plaintiff owed, and which the defendant had a right to receive; the action is not founded in any fraud or failure in the original contract, but on a rescission of it through the subsequent refusal of the defendant to perform it. It is clearly shown, indeed it is admitted, that the premium due in August, 1879, was tendered to the company, and was refused, upon the ground that the company was not then bound to receive it, and that the policy, according to some alleged express stipulation it contained, respecting the payment of the premiums, was forfeited and void. The president of the company denied all liability on the policy, and declared the contract at an end. If the reasons assigned by the president were valid and true, the refusal to receive the premiums was right; if the contract was in fact forfeited and void, there was no contract remaining to rescind, and if there was no rescission there could be no recovery of money had and received. But there was no proof whatever of a forfeiture of the policy; it was alleged that the contract contained a clause, according to which, by reason of the nonpayment of the premium due in August, 1879, on or before the exact day designated for payment thereof, a forfeiture ensued; whether this was so or not, depended in the first instance at least, upon the reading and construction of the policy itself which the defendant would not allow the plaintiffs to offer in evidence, nor would they offer it

themselves. The policy is therefore not before us; we do not know what it provides; if it contains any such clause, it should have been given in evidence. As the case is now presented to us the company would appear to have declared the lapse of the policy, without any warrant whatever, and without cause; and if the defendant received the plaintiff's money, and, under such circumstances, upon demand, refused to return it, we think it may be recovered back in an action of assumpsit."

. This clear and satisfactory statement of the principles which govern in cases of this kind settles conclusively, first, that there was no forfeiture of the policy of insurance in this case; second, that the refusal of the company to accept payment of the premium when tendered was nothing more than expression of purpose to rescind the contract thereby relieving itself from further liability on the policy; and third, that by the insured assenting to the rescission an end was put to the contract, with the legal consequence that the insured was entitled to be made whole by refunding to him the premiums he had paid. Upon the established facts in the case the plaintiffs in the action were entitled to judgment. The assignments of error are overruled and the judgment is affirmed.