FRIEND v. SOUTHERN STATES LIFE INS. CO.

No. 4672.    Opinion Filed October 10, 1916.

(160 Pac. 457.)

1.    INSURANCE — Action on Life Policy — Pleading — Exhibits.
Where an action is brought on a policy of life insurance, and a copy of the policy is attached to the petition and made a part thereof. such copy should be considered as a part of the petition when construing the allegations thereof on demurrer.

2.    SAME—Contract—Nature.  A policy of life insurance, without any qualifying provisions, is not a contract of insurance for a single year, with a privilege of renewal from year to year by paying the annual premiums.  It is an indivisible and continuous contract of insurance for life, subject, when so stipulated, to discontinuance and forfeiture for nonpayment of any installment of premium.  Such premium installments are not intended as the consideration for the respective years for which they are paid, but each installment is part consideration of the entire insurance for life.

3.    SAME—Premiums—Effect of Default.  The consequence of a default in payment of one annual premium, due under an indivisible and continuous contract of insurance, is determined by common-law principles, where the contract does not otherwise provide.

4.    SAME.  Ordinarily the payment of an annual premium on a policy of life insurance, after the policy has become effective by payment of the first year's premium, is not a condition precedent to the continuance of the policy, but, on the contrary, is a condition subsequent only, the nonperformance of which may incur a forfeiture of the policy, or may not, according to the circumstances.

5.    SAME.  A clause in a policy of life insurance which provides only that "this policy is incontestable after one year from date of the breach of any of the provisions thereof, except failure to pay premiums as required," and which further provides that

upon payment of the policy the company may deduct any sum or sums due the company, does not forfeit the policy for failure to pay the annual premium when due; but the insurance continues in force, subject to the right of the company to terminate it, if after due notice the insured shall fail to pay the premium in arrears with interest, and the further right to retain out of any settlement arising under the policy the unpaid premium and interest thereon.

6.  **INSURANCE—Contract—Construction—Forfeiture.**    Forfeitures are looked upon by the courts with ill favor, and will be enforced only when the strict letter of the contract requires it.  On the question of forfeiture of a life insurance policy, which is so framed as to be fairly open to construction, the view should be adopted, if possible, which will sustain rather than forfeit the contract of insurance.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by Julia A. Friend against the Southern States Life Insurance Company.  From a judgment sustaining a demurrer to the petition and dismissing the cause of action, plaintiff brings error.  Reversed and remanded, with instructions to overrule the demurrer and set aside the order of dismissal with leave to defendant to answer.

*Everest, Smith & Campbell* and *Hunt C. Hill,* for plaintiff in error.

*Wilson & Tomerlin* and *E. E. Buckholts,* for defendant in error.

SHARP, J.   This case presents error from the district court of Oklahoma county, and involves the sufficiency upon demurrer of plaintiff's petition, charging liability to her of the Southern States Life Insurance Company upon a policy of insurance issued by it on the life of Joseph A. Friend September 7, 1907.   The policy provided that in consideration of $483.90, and the annual payment of a like sum at or before noon on or before the 7th day of Septem-

ber in every year during its continuance, the company covenanted to pay at its general office in the city of Atlanta, Ga., $10,000, less any sum or sums due it, to Julia A. Friend, wife of the insured, immediately upon receipt and approval of proofs of death of the insured, Joseph A. Friend, of Tulsa, Ind. T., while said policy was in full force, provided, however, that if no beneficiary should survive the insured, then such payment should be made to the executors, administrators, or assigns of said insured. It was provided that the policy should be incontestable after one year from the date of the breach of any of the provisions thereof, except failure to pay premiums as required. A clause of the policy provided that it should be automatically nonforfeitable; that, if any premium thereon should not be paid when due, any withdrawable surplus should first be applied to pay the same, and the remainder of the premium, if any, should be charged against the policy as a loan if the respective loan value was sufficient to enable such advance after providing for the existing loans and accrued interest, provided that, if not sufficient to cover the entire remainder, a premium for a shorter period, but not less than a monthly premium, should be provided for, if the available loan value was sufficient; that notice of such application of surplus and advance should be mailed to the insured, and at any time while the policy was thus sustained in force the payment of premiums might be resumed. Another clause made the benefits, privileges, or provisions written or printed on other pages of the policy a part thereof. These benefits, privileges, and provisions found on the additional pages of the policy concern different subjects pertaining to said insurance policy, under appropriate headings as follows: (1) Account with policy holder; (2) policy paid up by surplus; (3) policy matured as an endowment by surplus; (4) policy paid up with sum insured;

(5) withdrawal of surplus; (6) change of beneficiary; (7) assignment of policy; (8) errors of age; (9) time and place of payment of premiums; (10) occupation, travel, residence, mode, and place of death; (11) authority of agents; (12) distribution of surplus; (13) loans and surrender privileges; (13a) surrender; (13b) table of cash loans, paid-up insurance, and period of extension, at different anniversaries of said policy, referred to in the policy and in sections 13 and 13a.

The petition charged that, notwithstanding the failure of the insured to pay the second year's premium, still the policy by its terms was in full force on March 1, 1909, the date of the death of the insured. A copy of the policy was attached to the petition as an exhibit, and made a part thereof by reference. The judgment of the trial court was that the petition failed to state facts sufficient to constitute a cause of action. The limit of our inquiry therefore is: Did the court err in sustaining the demurrer?

At the outset it may be said that, where suit is brought on an instrument in writing for the payment of money, and a copy of such instrument is attached to the petition and made a part thereof, such instrument should be considered as a part of the petition when construing the allegations thereof on demurrer. *Grimes v. Cullison*, 3 Okla. 268, 41 Pac. 355; *Whiteacre v. Nichols*, 17 Okla. 387, 87 Pac. 865; *Long v. Shepard*, 35 Okla. 489, 130 Pac. 131; *Davis et al. v. Board of County Com'rs, ante,* p. 77, 158 Pac. 294.

As the court's action in sustaining the demurrer is defended upon the ground that the nonpayment of the premium for the second year automatically worked a forfeiture of the policy, it is proper that we consider the nature and character of a policy of insurance made pay-

able at the death of the insured, as is the policy before us. The leading case wherein the rule defining the character of a contract of insurance is stated is *New York Life Ins. Co. v. Statham*, 93 U. S. 24, 23 L. Ed. 789, where the court said, speaking through Mr. Justice Bradley:

"We agree with the court below that the contract is not an assurance for a single year, with a privilege of renewal from year to year by paying the annual premium, but that it is an entire contract of assurance for life, subject to discontinuance and forfeiture for nonpayment of any of the stipulated premiums. Such is the form of the contract, and such is its character. It has been contended that the payment of each premium is the consideration for insurance during the next following year, as in fire policies. But the position is untenable. It often happens that the assured pays the entire premium in advance, or in five, ten, or twenty annual installments. Such installments are clearly not intended as the consideration for the respective years in which they are paid; for, after they are all paid, the policy stands good for the balance of the life insured, without any further payment. Each installment is, in fact, part consideration of the entire insurance for life. It is the same thing where the annual premiums are spread over the whole life. The value of assurance for one year of a man's life, when he is young, strong, and healthy is manifestly not the same as when he is old and decrepit. There is no proper relation between the annual premium and the risk of assurance for the year in which it is paid. This idea of assurance from year to year is the suggestion of ingenious counsel. The annual premiums are an annuity, the present value of which is calculated to correspond with the present value of the amount assured, a reasonable percentage being added to the premiums to cover expenses and contingencies. The whole premiums are balanced against the whole insurance."

The doctrine of the Statham Case was reaffirmed in *Thompson v. Knickerbocker Life Ins. Co.*, 104 U. S. 252,

26 L. Ed. 765, and *McMaster v. New York Life Ins. Co.,* 183 U. S. 25, 22 Sup. Ct. 10, 46 L. Ed. 64. In the former case it is announced that the court did not accept the position that the payment of the annual premium was a condition precedent to the continuance of the policy, but, on the contrary, said that the payment constituted a condition subsequent only, the nonperformance of which might incur a forfeiture of the policy, or might not, according to the circumstances. It is also said that, while prompt payment and regular interest constitute the life and soul of the life insurance business, and the sentiment long prevailed that it could not be carried on without the ability to impose stringent conditions for delinquencies, more liberal views had obtained on this subject in recent years, and that a wise policy now often provides express modes for avoiding the odious result of forfeitures.

In the latter opinion, citing both the earlier opinions, it was said:

"The contracts were not assurances for a single year, with a privilege of renewal from year to year on payment of stipulated premiums, but were entire contracts for life, subject to forfeiture by failure to perform the condition subsequent of payment as provided."

The initial premium having been paid, and the policy therefore having become effective, and being for the life of the insured, it remains to inquire whether it has been forfeited. As there was at the time no statute controlling the rights of the parties, the policy has not been forfeited unless by virtue of some express provision contained in it, providing for forfeiture, for without a forfeiture clause the policy is not terminated merely for nonpayment of the premium when due. A well-considered case upon this question, and one in which many authorities are reviewed, is

*Haas v. Mutual Life Ins. Co.,* 84 Neb. 682, 121 N. W. 996, 26 L. R. A. (N. S.) 747, 19 Ann. Cas. 58, where the rule is announced in the syllabus as follows:

"A life insurance policy, when once it takes effect by payment of the first year's premium and delivery of the policy, does not terminate at the end of the year, but it is a contract for the life of the assured. If the policy contains no provision for a forfeiture thereof by reason of a failure of the assured to pay subsequent premiums annually, a failure to pay such premiums on the day named will not constitute a forfeiture of such policy. All that the company can demand in such case is the right to set off against the amount of indemnity it has bound itself to pay the amount of the premiums remaining unpaid, with interest thereon."

In the note to the above case it is said by the annotater that the rule that a failure to pay the premium on a life insurance policy does not of itself avoid the policy, unless the policy so provides, finds support in almost all of the authorities. Such has been the result of our own investigation.

In *Equitable Life Assur. Soc. v. Golson,* 159 Ala. 508, 48 South. 1034, it was held that, while the policy may contain a valid condition that it may be terminated or forfeited upon a failure to pay any premium or installment at the time specified in the contract, which would be a condition subsequent, and the nonperformance of which would avoid the policy, unless waived by the insurer, yet such a condition, being for the benefit of the company, is to be strictly construed, and a forfeiture will be enforced only when it appears that such is the plain intent and meaning of the contract; and, if there are repugnant conditions, the court will enforce such as are in favor of the insured, and will prevent a forfeiture. *Titlow v. Reliance Life Ins. Co.,*

246 Pa. 503, 92 Atl. 747, is another recent case in point. There it was said that, the contract of insurance having provided for no forfeiture, the law visited no such penalty; that, where the policy contained no such provision (forfeiture for nonpayment of premium), though the charter and by-laws required the payment of annual premiums, the failure to pay the annual premium when due did not work a forfeiture; that such a policy insured for the number of years stipulated absolutely, leaving the annual payment of the premium to be enforced, not as a condition, but as a part of the consideration agreed to be paid. The syllabus reads:

"A contract of life insurance providing for the payment of a definite sum to the insured at a definite period, or to his legal representatives at his decease before the end of the period, in consideration of certain annual premiums to be paid by the insured during the continuance of the policy, without qualifying provision of any kind whatever, is not a contract of insurance for one year in consideration of an advance payment with the right of the insured to continue it from year to year upon payment of the stipulated premium, but a contract indivisible and continuous, and the consequence of a default in the payment of one of the premiums is to be determined by a common-law principle, the parties themselves having failed to provide otherwise."

In *Union Central Life Ins. Co. v. Morrow*, 7 Ohio Dec. 118, it was said that, where a policy of life insurance contained no condition of forfeiture or lapse for nonpayment of premiums, the payment of the first premium was a condition precedent to the validity of the policy, but the payment of subsequent premiums was not, and that default did not forfeit the policy in the absence of notice by the company of the maturity of the notes, or demand of payment, or notice that upon nonpayment the company would elect

to forfeit the policy. In *Sanford v. California Farmers' Fire Ins. Ass'n,* 63 Cal. 547, it was held that a policy of insurance issued to a member of a mutual insurance company was not forfeited or suspended by failure of the insured to pay an assessment thus levied, unless such forfeiture or suspension was provided for as a part of the contract of insurance. Another well-considered case is *Nederland Life Ins. Co. v. Meinert,* 127 Fed. 651, 62 C. C. A. 377, where the conclusion was reached that the policy had not been forfeited unless it was by virtue of an express provision contained therein providing for forfeiture. It is said in the course of the opinion:

"Without a clause providing for a forfeiture the policy is not forfeited for nonpayment of the premium, any more than a land contract is forfeited by nonpayment of principal or interest when due. The rule is laid down in 19 Am. & Eng. Enc. of Law (2nd Ed.) 44, as follows: 'Since forfeitures are odious in the eyes of the law, a default in the payment of a premium on life insurance does not forfeit the policy where there is no stipulation to that effect in the policy.' This is the well-settled rule. The reason why forfeitures are odious in the eyes of the law, and are said to be abhorred, is that they are not equitable. Nevertheless, if a policy of insurance provides in express terms for forfeiture for nonpayment of the premium when due, the law will enforce it. But before the court will declare a forfeiture, the conditions of the policy upon which a forfeiture is founded must be strictly complied with."

See, also, *Woodfin v. Asheville Mut. Life Ins Co.,* 51 N. C. 558; *Perry v. Bankers' Life Ins. Co.,* 47 App. Div. 567, 62 N. Y. Supp. 553; *Gruwell v. National Council of K. & L. of Sec.,* 126 Mo. App. 496, 104 S. W. 884; *Keeton v. National Union* (Mo. App.) 182 S. W. 798.

In 25 Cyc. 824, the rule pertaining to the nonpayment of premiums or assessments and the effect thereof upon the policy is thus stated:

"A condition in the policy that it shall terminate or be avoided on failure to pay any premium or installment thereof at the time specified in the contract is valid, and constitutes a condition subsequent, the nonperformance of which avoids the policy, in the absence of waiver or estoppel on the part of the company. * * * But where there is in the policy no stipulation or condition for forfeiture on account of nonpayment of premiums, a default in payment will not operate in itself as a forfeiture, nor can it be insisted upon by the company as constituting a forfeiture in the absence of any notice."

Speaking of forfeitures in policies of life insurance, it is said in May on Insurance (4th Ed.) sec. 343:

"If, however, the policy contains no such proviso, though the charter and by-laws require the payment of annual premiums, the nonpayment of the annual premium when due does not work a forfeiture. Such a policy of insurance is for the number of years stipulated absolutely, leaving the annual payment of the premium to be enforced, not as a condition, but as a part of the consideration agreed to be paid."

Other authorities in point are Cooley's Briefs on Insurance, 2259, 2260; Vance on Insurance, p. 212; 19 Am. & Eng. Enc. Law, 44.

Turning to the policy, we fail to find any express provision of forfeiture for the nonpayment of the annual premium. There is, as already shown, the clause making the policy incontestable after one year from the date of the breach thereof, except failure to pay premiums as required. There is the further provision making the premiums payable either annually or in semiannual or quarterly installments, according to the company's rule, with the right in the company, in the settlement of the policy, to deduct out of the sums due any unpaid portion of the year's premium, or any sum or sums due the company.

Unless it be that the clause making the policy incontestable be held to constitute an express forfeiture, clearly the policy is without such a provision, for no other clause or part of the policy, except by possible inference, would authorize us in holding that the policy was forfeited on account of nonpayment of premiums. Forfeitures in law, not being favored, will not be sustained upon mere inference. *Joliffe v. Madison Mut. Ins. Co.,* 39 Wis. 111, 20 Am. Rep. 35; *Meyer v. Knickerbocker Life Ins. Co.,* 73 N. Y. 516, 29 Am. Rep. 200; *Knickerbocker Life Ins Co. v. Norton,* 96 U. S. 234, 24 L. Ed. 689. Being looked upon by the courts with ill favor, they will be enforced only where the strict letter of the contract requires it Hence, even though the contract contains a stipulation of forfeiture, it will not be aided or given effect by construction, unless the plain meaning of the language used requires it. It has become a well-recognized rule in the construction of contracts of insurance that they will be liberally construed to uphold the contract, and conditions contained in them which create forfeitures will be construed most strongly against the insurer, and will never be extended beyond the strict words of the policy. In *Ingersoll v. Mutual Life Ins. Co.,* 156 Ill. App. 569, it was provided in the policy:

"If this policy shall become void by nonpayment of premiums, all payments previously made shall be forfeited to the company, except as hereinafter provided."

The court, in referring to the common practice of insurance companies, in providing that policies shall be null and void, and all premiums forfeited, subject only to surrender rights or reinstatement if default be made in the payment of any premium, held that the provision was insufficient to cause a forfeiture, and said:

"To sustain defendant's contention that the failure to pay the ninth premium absolutely and automatically nullified the insurance, subject only to the right to secure a paid-up policy, would compel us to hold, as the Nebraska court says *(Haas v. Mutual Life Ins. Co., supra)*, 'that a forfeiture of an insurance contract may be created by construction, and need not be provided for by the strict terms of the contract. Such is not the law.' "

In *Swander v. Northern Central Life Ins. Co.*, 25 Ohio Cir. Ct. R. 3, 11, the policy contained no provision that if the payment of premium was not made when due the policy should become void and terminate. It was observed, however, that there were some expressions in the policy which, it was urged, indicated that the nonpayment of dues might be regarded as a forfeiture of the policy, and that the policy might under certain circumstances lapse; but there was no express provision of forfeiture, and it was said that, in view of the authorities holding that, where there is a provision of absolute forfeiture, it is to be construed strictly in favor of the insured, and may be waived by the insurance company by its conduct, it would seem as though a court ought not to import into an insurance policy a contract which does not there exist. And in *Webster v. Insurance Co.*, 53 Ohio St. 558, 42 N. E. 546, 30 L. R. A. 719, 53 Am. St. Rep. 658, it was held that provisions for forfeiture are to receive, where the intent is doubtful, a strict construction against those for whose benefit they are introduced. Another case of the same kind is *Hull et al. v. Northwestern Mut. Life Ins. Co.*, 39 Wis. 397, where it was said that forfeitures are only enforced when it appears that such is the plain intent and meaning of the contract, and that words of a policy must be construed most strongly against the insurer, and if the policy contains repugnant conditions, the court must enforce those which are in favor of the insured and will prevent a forfeiture. In

*Ferguson v. Union Mut. Life Ins. Co.*, 187 Mass. 8, 72 N. E. 358, it was held that a provision for forfeiture in a policy of life insurance, being inserted for the benefit of an insurer, is not to be extended by implication, and, if it is susceptible of more than one meaning, that which is most favorable to the insured should be adopted.

As the insurance company in its policy failed to specifically provide and declare that a failure to meet the annual payments when due should forfeit all claims under the policy, and as we cannot by construction create a forfeiture, even though such may have been intended, or may be inferred from the language used, it follows that the failure to pay the second year's premium at maturity, the policy not being a divisible contract, did not of itself end and terminate the policy.

What we have said is apart from any rights that may have attached under the provisions of the policy declaring it, in capital letters, to be automatically nonforfeitable; for, if we are correct in our conclusion that the failure to pay the premium did not forfeit the policy, then it becomes immaterial whether in point of fact the policy at the end of the first year had either a withdrawable surplus or a cash loan value, within the meaning of said provisions of the policy. The automatically nonforfeitable provision of the policy would not serve to take the case out of the general rule respecting forfeitures, but must, on the other hand, be strictly construed against the insurer. Such was the holding of the court in *Chase v. Phoenix Mut. Life Ins. Co.*, 67 Me. 85, in a case containing a "nonforfeiting" policy, where the insured neglected to surrender the policy and apply for a reduced paid-up policy, and where it was said: "Stipulations for a forfeiture in a policy thus labeled should be strictly construed." In *Franklin Life Ins. Co. v. Wallace,*

*Adm'r*, 93 Ind. 7, as in the case at bar, at a prominent place in the policy, and in large type, were printed the words, "Nonforfeiting policy." In the opinion attention is called to . this fact, and it is said that the contracting parties did not intend that the failure to pay premium note should work a total forfeiture, as was manifested by the statement that the policy was a nonforfeiting one.

The well-nigh universal rule that, if the wording of a policy of insurance is such as to be fairly open to construction, that view should be adopted, if possible, which will sustain, rather than forfeit, the contract of insurance, has been accepted as a canon of construction in this branch of our jurisprudence, as evidenced by the opinions in *Taylor v. Insurance Co. of North America*, 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906; *Capital Fire Ins. Co. v. Carroll*, 26 Okla. 286, 109 Pac. 535; *Southern Surety Co. v. Taylor & Simpson*, 30 Okla. 116, 120 Pac. 936; *Standard Acc. Ins. Co. v. Hite, Adm'r*, 37 Okla. 305, 132 Pac. 333, 46 L. R. A. (N. S.) 986; *Union Acc. Co. v. Willis*, 44 Okla. 578, 145 Pac. 812, L. R. A. 1915D, 358; *Oklahoma Nat. Life Ins. Co. v. Norton*, 44 Okla. 783, 145 Pac. 1138, L. R. A. 1915E, 695.

From what has been said it is obvious that the learned trial court erred in sustaining the defendant's demurrer and dismissing plaintiff's cause of action, for which the judgment is reversed, and the cause remanded, with instructions to overrule the defendant's demurrer, and set aside the order of dismissal, with leave to defendant to answer.

All the Justices concur, except KANE, C. J., absent and not participating.