## UNITED BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYEES & RAILWAY SHOP LABORERS v. BLAIR.

No. 18760. Opinion Filed Dec. 24, 1928.

Rehearing Denied Nov. 19, 1929.

George J. Jennings, for plaintiff in error.

Frank P. Smith, for defendant in error.

REID, C. This is an action by Mrs. Joseph Blair against the United Brotherhood of Maintenance of Way Employees & Railway Shop Laborers, commenced in a justice

court of Creek county, in which the plaintiff by her bill of particulars, in substance, alleged: That Joe Blair, her husband, was a member of said brotherhood in good standing at the time of his death on April 7, 1922; that because of his membership in said organization, it was under law and duty bound, as provided in its constitution and by-laws, to pay the plaintiff as the widow of said deceased member the sum of $199 for the purposes of defraying his burial expenses and expense incident to his last sickness; that said items remained unpaid, and that the undertakers and physicians have made repeated requests of her for the payment thereof; that defendant was indebted to her in said amount for the use and benefit of said persons, and she prayed judgment for said amount and costs.

On appeal to the district court, the defendant demurred to the bill of particulars on the grounds: First, that it did not state a cause of action against defendant in favor of plaintiff; second, that the action was not prosecuted in the name of the real party in interest.

The demurrer was overruled, and the defendant answered by general denial. The trial was had to the court, without a jury, and a general judgment was rendered against the defendant for the plaintiff in the sum of $150. From this judgment defendant brings this appeal.

The defendant's first assignment of error attacks the action of the court in overruling its demurrer to plaintiff's bill of particulars, and under this the defendant presents two propositions, the first being the question presented in the first paragraph of the demurrer.

The demurrer admitted the existence of the facts stated in the bill of particulars. The allegation of these facts stated a cause of action against the defendant.

It is next contended that the court erred in overruling the second paragraph of the demurrer, raising the question that the action was not brought in the name of the proper party in interest.

Section 268, C. O. S. 1921, provides:

"The defendant may demur to the petition only when it appears on its face, either: * * * 4th. That there is a defect of parties, plaintiff or defendant."

There is nothing on the face of this bill of particulars showing a defect of parties in that the action is not brought by the real party in interest as required by section 209,

C. O. S. 1921. The plaintiff alleged, in the first paragraph of her bill of particulars, a complete cause of action in her favor as against the defendant for the sum of $199, which she alleged was due her by reason of the fact that her husband had died while a member of the defendant organization, whose by-laws and constitution provide that, upon the death of a member, it would pay to the surviving wife of the deceased his burial expenses, and also any expense incident to his last sickness, and that the amount sued for was due her on that account; that the undertaker and doctors were demanding of her payment thereof. She did further state that she sought recovery because the defendant organization was indebted to her in said amount for the use and benefit of the undertaker and doctors, but we regard this as surplusage, and no more than the statement of any plaintiff in an action for money that he is attempting to collect his debt for the purpose of paying his creditors. There was no error committed by the court in overruling defendant's demurrer to plaintiff's bill of particulars.

The defendant next contends that the evidence is not sufficient to sustain the judgment for the reason: First, that it was not shown that the plaintiff was entitled to recover whatever amount was due by the association upon the death of its member, Joe Blair; and second, that the court erred in assessing the amount of the recovery.

In order to properly consider the questions presented under this assignment, it is necessary that we refer to the constitution and by-laws of the defendant, which are in evidence, the relevant sections thereof being as follows:

"Article 13.

"Section 3. Each member shall be required to pay grand lodge dues, system division dues, and subordinate lodge dues. The grand lodge dues shall be paid in the sum of $8 per year, or $2 quarterly. System division dues shall be regulated by the system division, but shall not be less than $1 per quarter. Subordinate lodge dues shall be regulated by the subordinate lodges, but shall not be less than twenty-five cents (25c) per quarter. All dues must be paid in advance on or before the first day of January, April, July, and October of each year. Members may pay grand lodge, system division, and subordinate dues for six months or more in advance, if they so desire."

"Section 6. A member refusing or failing to pay his dues three months in advance in full is not in good standing, and shall not be entitled to a seat in his lodge, and grievance committees shall not exercise in his be-

half; and, further, any member of the brotherhood who does not pay all dues as required by section 3 of this article shall forfeit all rights and privileges and benefits of the provident department. When a member becomes delinquent for a period of six months, his name shall be dropped from the rolls of the subordinate lodge without further notice, and the subordinate lodge financial secretary shall notify the grand lodge secretary-treasurer of such action. A member who becomes delinquent may be reinstated upon payment of all back dues."

And under the title "Provident Department," we find the following:

"Section 3. The grand secretary-treasurer shall, on or before the 15th day of each and every month, deliver to the superintendent of the provident department a sum equal to 25 per cent. of the grand lodge dues received by him during the preceding month. This fund, together with any sum set aside by the grand lodge, or the executive board, for the use and benefit of the provident department, shall be used to carry out the purposes of the provident department as hereinafter set forth.

"Section 4. Upon the death or total disability of any member of the brotherhood, who shall be in good standing in the brotherhood at the time of such death or total disability, the provident department shall pay to said totally disabled member, or in the event of death, to his designated beneficiary, such sum as said member or his beneficiary may be entitled to receive under the provisions of section 5 of this article.

"Section 5. In the event of total disability or death after 6 months' membership $50."

And further provides for an additional $50 for total disability or death for every year's membership thereafter to the fifth year.

"Section 6. Any member of the brotherhood who has failed to pay all dues as required by article 13, section 3, of the Constitution, shall be deemed to have forfeited any rights or benefits in the provident department. When any such member shall have been reinstated in the brotherhood, his period of membership in the brotherhood for the purposes of the provident department shall be deemed to commence as of the date of his last reinstatement."

"Section 10. Each member of the brotherhood shall notify the superintendent of the provident department of the name or names of the person or persons to whom any benefits shall be paid. In the event of the death of any member who shall have failed to designate a beneficiary, the provident department shall pay to the local lodge or to persons having charge of the burial of said member, the expenses of such burial, provided, however, that the provident department shall not be liable for the payment of any such sum in excess of that to which a designated beneficiary of the deceased would have been entitled."

In addition to the facts stipulated by the parties and the constitution and by-laws of the association introduced in evidence, the plaintiff testified that she and her husband were living together at the time of his death, and that when he died her son called the undertaker, who conducted the burial, and that such undertaker had thereafter requested her to pay for his services, and that no part of it had been paid.

We think that under section 10, supra, of the by-laws of the provident department of the defendant association, the plaintiff was entitled to recover as the person having charge of the burial of her husband, Joe Blair, dying while a member of said organization.

The defendant says its liability cannot exceed the sum of $50 by reason of the fact that Blair became delinquent for his dues as late as April 1, 1921, paying the same on April 17, 1921, and dying April 7, 1922.

It is admitted that the deceased was a member in good standing of the brotherhood at the time of his death, and he had never been delinquent in payment of his dues for a period of 6 months. There is no evidence that he was ever dropped from the rolls of the subordinate lodge after he first became a member. At the time of his death, he had paid all dues required to be paid under the constitution and by-laws of the organization. He did not pay on some occasions when the quarterly dues became payable, and, if he had died in the interim before paying, no recovery in this suit could have been had. But he paid the dues and they were accepted by the lodge. The sections of the constitution and by-laws of the organization appear somewhat out of harmony.

It is plausibly argued that by section 6 a failure of the member to pay the dues as they accrued broke the continuity of his membership in the lodge, so far as the provident department was concerned. But by section 4 it is provided that the amount designated in section 5 shall be paid if the member be in good standing in the brotherhood at the date of his death. And the amounts fixed by section 5 are based upon the number of months of membership. He was certainly in good standing in the association when he died, and it is plausibly claimed that he held his membership from the time he originally became a member, as he was never six months in arrears with his dues.

We think the doctrine applicable to the

situation here presented has been expressed by this court in Friend v. Southern States Life Insurance Co., 58 Okla. 448, 160 Pac. 457, as follows:

"Forfeitures are looked upon by the courts with ill favor, and will be enforced only when the strict letter of the contract requires it. On the question of forfeiture of a life insurance policy, which is so framed as to be fairly open to construction, the view should be adopted, if possible, which will sustain rather than forfeit the contract of insurance."

We therefore conclude that, under the constitution and by-laws of the association and other evidence in the case, Joe Blair was a member from the time he joined until his death.

It follows that the judgment of the trial court should be, and it is therefore affirmed.

BENNETT, TEEHEE, FOSTER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.