## SIMS *et al.* v. CENTRAL STATE BANK.

No. 6471.   Opinion Filed February 29, 1916.

(155 Pac. 878.)

1.   **MORTGAGES—Note Secured—Construction.** A note and mortgage given to secure the same are construed together as one contract.

2.   **SAME—Foreclosure—Sale Without Appraisement.** Where the note contains no provision waiving appraisement and the mortgage does contain such provision, the mortgaged premises may be sold without appraisement after six months from the date of decree of foreclosure, as provided in section 4016, Rev. Laws 1910.

3.   **APPEAL AND ERROR—Ground for Reversal—Variance—Amendment.** Though there be a variance between the allegations of a petition and the facts proved on the trial, yet, if it be a case where

an amendment of the petition ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance.

(Syllabus by Galbraith, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

Action by the Central State Bank against William H. Sims and others. Judge for plaintiff, and defendants bring error. Affirmed.

*Wm. M. Neff* and *L. E. Neff*, for plaintiffs in error.

*Dan M. Meredith*, for defendant in error.

Opinion by GALBRAITH, C. The defendant in error commenced this action against the plaintiffs in error, to recover the amount of a promissory note and to foreclose a real estate mortgage given to secure the same. The defendant Sims appeared and filed a general denial; the defendants Rowsey and Pickens made default. A jury was waived, and the cause submitted to the court, and the court found for the plaintiff, and decreed a foreclosure of the mortgage. The property was ordered sold without appraisement, after the expiration of six months from the date of the judgment, and at the expiration of that time an order of sale issued to the sheriff, who advertised and sold the real property. A return of the sale was made to the court, and the same was confirmed in November, 1913. In March, 1914, upon notice and motion an order was entered permitting the sheriff to file an amended return of sale. The appeal is by petition in error and transcript, and seeks to bring up for review the order confirming the sale.

There is but one assignment of error that calls for the consideration of this court, that is, that it appears

from the record that the property was sold without appraisement, and the sale was therefore void. It does appear from the record that the note evidencing the indebtedness contained no provision waiving appraisement, and it further appears that the mortgage given to secure the note specially waived appraisement, and since the note and mortgage are construed as one contract *(Oklahoma City Development Co. v. Picard,* 44 Okla. 674, 146 Pac. 31), the appraisement was waived, and the sale was authorized to be made without appraisement under section 4016, Rev. Laws 1910.

It is also objected that the judgment of foreclosure was taken for a larger amount than was prayed for in the petition, and, also, that the property was advertised to be sold at 2 p. m. on a certain day, and the return of the sheriff showed that it was sold at 10 a. m. It also appears from the record that an amended return was filed, and the plaintiffs in error had notice of the hearing of the application to file such amended return, and that they made no appearance or resistance thereto; that they raised no objection in the trial court to the order of confirmation, or to filing the amended return of sale, and in no other way called to the attention of the trial court the objections here urged, and in no instance saved exceptions to the ruling made in the trial court. The rule announced by this court in *Love v. Kirkbride Drilling & Oil Co.,* 37 Okla. 804, at page 812, 129 Pac. 858, at page 861, is a complete answer to the contention made on behalf of the plaintiffs in error. Therein the court, in answer to similar objections, says:

"Where there is a variance between the allegations of the petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be

allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance. *Missouri Valley Ry. Co. v. Caldwell*, 8 Kan. 244; *Mitchell v. Milhoan*, 11 Kan. 617; *Hummer v. Lamphear*, 32 Kan. 439, 4 Pac. 865, 49 Am. Rep. 491. In such case, though no formal amendment was made, it will be considered as made by this court. *Pape v. Capitol Bank*, 20 Kan. 440, 27 Am. Rep. 183; *Tipton v. Warner*, 47 Kan. 606, 28 Pac. 712; *Loper v. State*, 48 Kan. 540, 29 Pac. 687."

It is contended that the fact that the sale was made at a time different from that advertised appears from the record proper, as the return of the sheriff is a part of the record proper, and it is brought up by transcript without exception having been taken thereto in the trial court. Assuming this contention to be true, it would follow that the amended return is also a part of the record, and is entitled to like consideration as the original; and, inasmuch as the amended return corrects the objection made to the original, and shows that the sale was made at the time and place advertised, this objection is unavailing to the plaintiffs in error.

From a careful examination of the record, we are unable to find any good reason why this cause should have been brought to this court, and we therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.