## HARRIS v. NEWCOMBE.

No. 6306. Opinion Filed March 28. 1916.

(156 Pac. 666.)

1.    **APPEAL AND ERROR—Presenting Questions in Lower Court—
Motion for New Trial——Record—Case-Made—Bill of Exceptions.**
Errors alleged to have occurred at the trial, unless excepted to
and assigned in a motion for new trial, and made part of the
record on appeal, by means of case-made or bill of exceptions, wil'
not be considered on review in this court.

2.    **APPEAL AND ERROR—Amendment Regarded as Made—Va-
riance—Materiality.** Though there be a variance between the alle-
gations in a petition and the proof on the trial, yet, if it be a case
where an amendment of the petition should be allowed to conform
it to the facts proved. the judgment will not be reversed on
account of such variance.

(Syllabus by Bleakmore. C.)

*Error from District Court, Pottawatomie County;*
*Charles B. Wilson, Jr., Judge.*

Action by H. G. Newcombe against C. E. Higgins
and others. Judgment for plaintiff, and defendant Sam
Harris brings error. Affirmed.

G. A. *Paul,* for plaintiff in error.

E. C. *Stanard,* J. H. *Wahl,* and C. H. *Ennis,* for de-
fendant in error.

Opinion by BLEAKMORE, C. This is an appeal from
a judgment of the district court of Pottawatomie county
in an action commenced by H. G. Newcombe, as plaintiff,
against C. E. Higgins, C. R. Furnas, and Sam Harris, as
defendants, to recover a sum alleged to be due under a con-
tract between plaintiff and defendants for material and
labor furnished by plaintiff in the laying of cement steps
to a cellar and door sills and a tile floor in a certain build-
ing. Defendant Harris answered, denying any contract
with the plaintiff, and alleging that he had entered into a
contract with his codefendants, Higgins and Furnas, as
general contractors, to reconstruct the building, and was in-
formed that they had entered into a subcontract with the
plaintiff to do certain of the work which it was provided
by the plans and specifications embraced in the general
contract should be performed by them; and it was ex-
pressly denied that plaintiff had performed said work
in a good and workmanlike manner or in accordance
with said plans and specifications. Defendants Higgins
and Furnas answered by general denial, set forth their
contract with Harris to reconstruct said building accord-
ing to certain plans and specifications, and alleged that they
had contracted with the plaintiff to furnish labor and ma-

terial for the cement cellar steps, door sills, and tile floor, in accordance with said plans and specifications, and to the satisfaction of the owner, Harris, which plaintiff failed to do; and by cross-petition they also sought judgment against Harris for a balance alleged to be due them under the terms of their contract. To the cross-petition, Harris answered, denying liability under the alleged contract. The cause was, by agreement, tried to the court, resulting in a judgment for plaintiff against defendant Harris, in the sum of $385.56, and that Higgins and Furnas have judgment for their costs. Harris has appealed from said judgment, Newcombe alone being made defendant in error.

The following excerpt from the brief of plaintiff in error will serve as a statement of facts:

"* * * Higgins and Furnas, being the general contractors for the reconstruction of the building known as the Harris Hotel, at Ada, Okla., sublet the contract to furnish the labor and material for cement cellar, steps, door sills, and tile floor in the lobby of said hotel, at the agreed price of $408.20. The plaintiff below performed all the labor and furnished all the material under the terms of that contract, including the laying of the concrete base to receive the title, when he was delayed some three months on account of his inability to procure the tile as contracted for. Upon the trial of the case in the court below, it developed that on account of such delay the defendant Harris advised his general contractors of his ability to procure the tile in Oklahoma City, and that he would send a man from there to the hotel to finish up the work. The gist of the testimony of the plaintiff was to the effect: That after this condition presented itself that he had a conversation with Harris informing him that he could procure the tile as contracted for, and was advised by Mr. Harris to go ahead and put it in. That about the 2d day of January Mr. Harris saw the plaintiff putting the tile into the floor

in the hotel, and that he assisted somewhat in so doing. That Harris held out from the general contractors upon settlement made by him the sum of $313. That he never had any special agreement with Harris about the payment for the tile, but that he was informed by Higgins and Furnas that Harris held out the money from the contractors and he presumed therefrom that Harris was to pay him that amount. That he at no time stated to Harris that he was to put in the tile at so much per square foot, but that his conclusion was that he was to receive from Harris the amount held out, namely, $313."

Demurrer of defendant Harris to the evidence offered on behalf of plaintiff was overruled.

Among the errors assigned by plaintiff in error are the refusal of the court to continue the cause, the overruling of his demurrer to the evidence of plaintiff, and the rendition of the judgment for the plaintiff.

During the trial and at the close of the evidence offered by defendant Harris, he moved a continuance of the cause, for the following reason:

"At this time the defendant Harris requests the court to continue the further hearing of this case until the defendant Harris has an opportunity to meet the new issue raised by the defendants Higgins and Furnas; likewise the plaintiff's variance from the petition.

"The Court: If there is a variance in fact, the plaintiff cannot recover. That is a matter of law."

The ruling refusing to continue the cause is not a matter properly subject to review here, for the reason that there was no exception to the action of the trial court in this regard at the time, nor was the attention of such court directed thereto by motion for new trial. *Muskogee Electric Traction Co. v. Reed*, 35 Okla. 334, 130 Pac. 157.

The demurrer of defendant Harris to the evidence of plaintiff was properly overruled.

"A demurrer to the evidence admits all facts proven, admits the existence of the facts of which there is evidence tending to prove, and all the reasonable inferences which may be drawn from the evidence. The question on demurrer is: Does the evidence, considering only that which is favorable to the demurree and yielding to him the full benefit of the reasonable inferences which it supplies and furnishes, entitle him to recover?" *(Crow v. Crow,* 40 Okla. 455, 139 Pac. 122.)

In our opinion, there was no material variance between the allegations of the petition and the proof offered against the defendant Harris; but, if there had been such variance as contended by said defendant, yet the rule is that:

"* * * Where there is a variance between the allegations of the petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance. *Missouri Valley Ry. Co. v. Caldwell,* 8 Kan. 244; *Mitchell v. Milhoan,* 11 Kan. 617; *Hummer v. Lamphear,* 32 Kan. 439, 4 Pac. 865, 49 Am. Rep. 491. In such case, though no formal amendment was made, it will be considered as made by this court. *Pape v. Capitol Bank,* 20 Kan. 440, 27 Am. Rep. 183; *Tipton v. Warner,* 47 Kan. 606, 28 Pac. 712; *Loper v. State,* 48 Kan. 540, 29 Pac. 687." *(Love v. Kirkbride Drilling & Oil Co.,* 37 Okla. 804, 129 Pac. 858.)

From an examination of the entire record, it is our opinion that the evidence is sufficient to sustain the judgment of the trial court; and it does not appear that the errors complained of have probably resulted in a miscar-

riage of justice or constitute a substantial violation of a constitutional or statutory right.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.