## PRODUCERS' SUPPLY CO. v. SHIRLEY.

No. 8521—Opinion Filed Jan. 29, 1918.

(170 Pac. 504.)

### Contracts — Action — Variance—Quantum Meruit.

Where a petition alleges facts showing a contract, the performance thereof by plaintiff, and the amount due plaintiff, but is indefinite and uncertain as to whether the contract was express or implied, no attack having been made upon the uncertainty of the petition, a variance does not arise because the proof shows that plaintiff is entitled to recover upon quantum meruit, and not upon express contract.

(Syllabus by Rummons, C.)

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by J. B. Shirley against the Producers' Supply Company and others. Judgment for plaintiff, and defendant named brings error. Affirmed.

Dillard & Dillard, for plaintiff in error.

Ray K. Hart and Adams & Wills, for defendant in error.

Opinion by RUMMONS, C. This was an action brought by the defendant in error against M. W. Friddle and Emery Pettitt and the Producers' Supply Company to recover for work and labor in drilling an oil well and to enforce a mechanics' lien upon the oil and gas lease and casing and pipe thereon. After issues were joined the defendant in error filed a supplemental petition alleging that the property, consisting of casing and pipe, had been taken away and converted by the Producers' Company, and prayed judgment against the Producers' Supply Company for the amount due the defendant in error.

The plaintiff in error raises but one assignment of error in his brief and that is that there is a fatal variance between the cause of action set up by defendant in error in his petition and the proof offered at the trial, in that it is contended the defendant in error pleads a cause of action upon an express contract between defendant in error and his employers, Friddle & Pettitt, to pay him $7 a day for work and labor and the defendant in error establishes his cause of action by proof of quantum meruit. The allegations of the petition material to the determination of the question involved are as follows:

"The said plaintiff entered into an oral agreement with the said Friddle and Pettitt by which agreement said plaintiff was to perform certain labor and work in the construction, laying, and preparing and drilling of an oil and gas mining lease; * * * that said plaintiff further alleges that he performed said work and labor in accordance with the terms and conditions of said contract; that he drilled said lease; that he connected, laid, and united said casing and said pipe, and that there remains due and payable from said Friddle and Pettitt to the plaintiff the sum of $167; that he has performed all the conditions and requirements contained in said contract in accordance with the terms thereof; that the itemized account shown in said Exhibit A is correct, and that there is due to the plaintiff from said defendants Friddle and Pettitt the sum $167, with interest thereon at the rate of 6 per cent. per annum from the 21st day of July, 1915."

The statements in the mechanics' lien claim material to this cause are as follows:

"That I, J. B. Shirley, have a claim against M. W. Friddle and Emery Pettitt for the sum of $167 due to me, and that this claim for and on account of work and labor performed in moving tools, rigging up, and drilling, and that such work was performed by me between the 13th day of June, 1915, and the 22d day of July, 1915, as shown in the itemized statement thereof, hereto attached marked Exhibit A and made a part of this statement; that such work and labor was done in pursuance of a contract with the said M. W. Friddle and Emery Pettitt. * * * The undersigned, J. B. Shirley, further states that the said sum of $167 is just, due, and unpaid, and that said work and labor was performed in drilling on said oil and gas mining lease, in moving the tools thereon, and in rigging up the drill rig preparatory to drilling, laying pipe for gas used in drilling thereon, and in erecting said tent, and that he has and claims a lien upon said oil and gas mining lease, said casing, said one-inch pipe, and said tent to the amount of $167, as above set forth, according to the laws of the state of Oklahoma."

Attached to the mechanics' lien claim was an itemized statement of the days during which defendant in error worked, and a charge of $7 per day therefor together with credits upon the account.

It is apparent from reading the petition that plaintiff in error is mistaken in its contention that the defendant in error sued upon an express contract. The petition is indefinite and uncertain, and would have been subject to a motion to make more definite and certain but no such attack was made upon it. That being the case, the plaintiff in error cannot now predict a variance between the petition and proof upon the theory that the petition alleges an express contract. Under the indefinite allegations of the petition, no objection having been made thereto, the defendant in error might have proved an express contract or might have recovered upon quantum meruit.

"If the evidence can be reasonably construed to support the pleadings, there can be no variance, for a variance does not result from mere uncertainty or inconsistencies of the allegations or the proof." 31 Cyc. 701; Mulhall v. Mulhall, 3 Okla. 304, 311. 41 Pac. 109; Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858; Missouri O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142; Sims v. Central State Bank, 56 Okla. 129, 155 Pac. 878; Harris v. Newcombe, 56 Okla. 741, 156 Pac. 666.

Finding no error in the record the judgment of the court below should be affirmed.

By the Court: It is so ordered.