## AMERICAN NAT. INS. CO. v. RARDIN.

No. 9110—Opinion Filed Dec. 10, 1918.

Rehearing Denied Jan. 13, 1919.

(177 Pac. 601.)

**1. Insurance—Policy—Construction to Sustain Policy.**

When the wording of a policy of insurance is such as to be fairly open to construction, that view should be adopted, if possible, which will sustain, rather than forfeit, it.

**2. Appeal and Error — Variance — Amendment—Reversal.**

Though there be a variance between the allegations of a petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance.

**3. Appeal and Error — Discretion of Trial Court—Amendment—Statute.**

Section 4790, Rev. Laws 1910, vests the trial judge with a broad discretion permitting amendments to be made when the amendment does not change substantially the claim or defense. The exercise of this discretion does not furnish ground for reversal,

unless it is made to appear that there has been an abuse thereof by the trial judge.

**4. Insurance—Disability—Payment for Premiums—Waiver.**

A. N. I. C. a corporation, issued to Ray A. Rardin an insurance policy in the sum of $5,000, which, among other provisions, contained the following: The premium payments herein will cease immediately after the beginning of such disability as above described and will be resumed only as hereinafter provided. Held that, when the insured became totally disabled to engage in any gainful occupation, the requirements relative to the payment of premiums automatically ceased, and that the payment of a quarterly premium after the insured became totally disabled so that he could not engage in any gainful occupation did not operate as a waiver of the clause which provided that said payments should immediately cease when said disability attached to insured.

**5. Same—Permanent Disability—Failure to Give Notice — Right to Benefits Under Policy.**

When a policy of life insurance provides that the insured shall give notice to the company when he becomes totally disabled to engage in any gainful occupation, but does not specify any time within which said notice shall be given, the failure to give said notice will not deprive the insured or his beneficiary of the benefits of said policy, in the absence of an express provision making the giving of the notice a condition precedent to the right to claim the benefits of said clause requiring notice.

(Syllabus by Davis, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Dale M. Rardin against the American National Insurance Company. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Affirmed.

T. J. McComb and Stephen C. Treadwell, for plaintiff in error.

B. T. Hainer and Burns & Toney, for defendant in error.

Opinion by DAVIS, C. This action was instituted in the district court of Oklahoma county, Okla., by Dale M. Rardin, plaintiff, against the American National Insurance Company, a corporation, defendant, to collect the sum of $5,000 alleged to be due plaintiff by reason of an insurance policy issued to Ray A. Rardin by defendant.

The parties will be referred to as they appeared in the trial court; that is, plaintiff in error as defendant, and defendant in error as plaintiff.

On or about the 20th day of July, 1914, on application of Ray A. Rardin, the defendant issued to him an insurance policy in the sum of $5,000. Dale M. Rardin, plaintiff, was named as the beneficiary in said policy. Ray A. Rardin departed this life on the 29th day of March, 1916. Demand was made by plaintiff on defendant for said sum of $5,000, and payment was refused. Thereupon this action was instituted. Upon the trial of said cause a verdict was returned in favor of plaintiff and judgment entered thereon. A motion for a new trial was filed and overruled. From the action of the court in overruling a motion for a new trial, an appeal has been prosecuted to this court for the purpose of review.

Under the first assignment of error, it is urged that the trial court erred in overruling the motion of plaintiff in error for a new trial. Under this assignment it is first urged that the verdict is not sustained by sufficient evidence, and is contrary to law.

The ground upon which the foregoing error is based is that the evidence shows that the quarterly premium that became due and payable on the 5th day of October, 1915, was not paid when the same matured nor within the 30 days of grace allowed by said policy. The 30 days of grace expired on the 5th day of November, 1915, and the assured died on the 29th day of March, 1916. There is no contention that any premium was paid by assured after the 5th day of July, 1915, at which time there was a payment of a quarterly premium which extended the life of the policy up to the 5th day of October, 1915, and assured was allowed 30 days of grace after the 5th day of October, 1915, which made the time expire on the 5th day of November, 1915. The foregoing facts being admitted, we are compelled to look to other provisions of the policy herein sued upon, the total disability elapsed prior to the death of assured.

Among other provisions in said policy, it is provided:

"And further agrees to pay five thousand ($5,000.00) dollars, in twenty equal installments of two hundred and fifty ($250.00) dollars each, in the event of total and permanent loss of sight of both eyes, or loss of both arms, or one arm and one leg. or one eye and one limb, of the insured, or if the insured should become totally and permanently disabled to such an extent as to render it impossible for him to engage in any gainful occupation whatever. such total and permanent disability occurring before the insured has reached the age of sixty years. and while this policy is in force. this payment being in lieu of all other benefits des-

ignated in this policy. the first installment being payable immediately after receipt by the company of due and satisfactory proof of such total and permanent disability. or such injuries as above defined. If the insured should die before all of said twenty installments have been fully paid, the remaining installments may be continued to the beneficiary hereunder or may be commuted at three and one-half per cent. compound interest and paid in one sum to said beneficiary.

"The premium payments hereon will cease immediately after the beginning of such disability as above described and will be resumed only as hereinafter provided." :

The petition alleges that the assured on or about the 1st day of June, 1915, became disabled to such an extent as to render it impossible for him to engage in any gainful occupation whatever, and that said disability continued up until the time of his death. This question was submitted to a jury, and there is no controversy here but that the evidence on this question fully sustains the allegations of the petition.| It appears that the assured was a hotel clerk in Oklahoma City, at the Kingkade Hotel, at the time the policy in question was issued and was receiving therefor the sum of $100 per month. The throat of the assured became infected about the 1st day of May, 1915, and gradually grew worse until he became unable to talk above a whisper. About the 30th day of May, 1915, he gave up his job as clerk on account of the condition of his throat. About the 1st day of October, 1915, assured was confined to his bed and remained there until his death.

It is the contention of the plaintiff that, under the plain and express provisions of the policy herein sued upon, the total disability of the assured occurred while the policy was in full force and effect, automatically relieving the assured from the further payment of premiums in order to continue said policy in force; that this total disability and incapacity to engage in any gainful occupation having continued until the death of the assured, the policy was in full force and effect at the date of his death, notwithstanding the quarterly premium due on the 5th day of October, 1915, was never paid. In this construction of the contract, we concur. If the English language means anything, the provision heretofore set out automatically relieved the assured from the payment of any premium after total disability to engage in any gainful occupation attached and placed it beyond the power of the defendant to declare a forfeiture for a nonpayment of the premium while such condition existed. That it did exist, and that it continued until the day of

the death of assured, is not questioned here by counsel for defendant. Yet, in the plain and unambiguous provisions of this contract, this court is asked to hold as a matter of law that said policy had elapsed on the 5th day of November, 1915. It is urged that because assured paid the quarterly premium due on the 5th day of July, 1915, he waived this provision of the policy. This argument is not persuasive for the reason that assured may have entertained hopes of a speedy and permanent recovery on that date, and doubtless did, and, because the defendant had received $59.50 more than the assured was legally bounden to pay, cannot be construed into a waiver on the part of the assured of one of the most salutary provisions contained in this contract. Counsel for defendant has not cited a single authority to substantiate this contention, and we have found none that supports it. In view of the well-settled rule in this jurisdiction that, if a policy of insurance is such as to be fairly open to construction, that view will be adopted, if possible, which will sustain rather than forfeit it, we are inclined to the view that, when the assured became unable to engage in any gainful occupation, the power of revocation or forfeiture was placed beyond the power of defendant, and that the policy automatically continued in force so long as the disability attached to assured, regardless of whether or not the quarterly premium was paid. Friend v. Southern States Life Ins. Co., 58 Okla. 448, 160 Pac. 457, L. R. A. 1917B, 208.

The next ground urged under this assignment of error is that, while the petition alleges that "the assured and plaintiff have fully performed all that was required to be performed on their part," there is a total failure to prove that there was any attempt to make proof to the defendant of the death of assured. The uncontroverted evidence of the plaintiff on this point shows that, after the death of assured, she wrote the defendant at Galveston, Tex., and requested that it furnish her with proper blanks for proof of death. In reply to this request, the defendant not only refused the blanks, but denied all liability on the policy on the ground that it had lapsed on the 5th day of November, 1915, for nonpayment of the quarterly premium.

The evidence of the plaintiff in reference to what the plaintiff did after the death of the husband is as follows:

"Q. Now, Mrs. Rardin, state whether or not this policy or any part of it has been paid by the insurance company. A. It has not.

"Q. State what you did to collect this policy, whether or not you wrote to the company at its home office at Galveston, or to the branch office, or both. A. I did.

"Q. Did you write to them to furnish blanks for proof of death? A. I did.

"Q. Was it furnished? A. No, not the blanks.

"Q. I asked you if they were? A. Well, I beg your pardon; I did not understand the question.

"Q. Did they refuse to furnish the blanks? A. They wrote that the policy was canceled.

"Q. Did they refuse to furnish you blanks? A. Yes, sir."

The foregoing evidence was introduced without any objection being interposed upon the part of defendant. No cross-examination on this point was made, and at the close of the evidence on the part of the plaintiff no demurrer was interposed to the evidence. Clearly, the evidence in this case proves a waiver of the provision requiring proof of the death when the petition pleaded a full performance of the contract. This constituted a variance between the allegation of the petition and evidence offered to sustain the same. Upon timely objection, it would have been the duty of the court to have sustained an objection to any evidence that tended to prove a waiver when the allegations of the petition pleaded a full performance of the conditions of the policy. There is an absence of any evidence that shows that proof of death was ever made, but upon the receipt of a written request for blanks to furnish proof of death a denial of liability is made on the ground that the policy had been canceled. This constituted a waiver upon the part of the defendant and relieved the plaintiff from conforming with the provision of the policy relative to proof of death. Had objection been made to the introduction of the evidence to prove a waiver, when interposed, it would have been the duty of the trial judge to have sustained the same, for the reason that furnishing of proof of death was a condition precedent to a right of recovery, unless waived by the insurance company, and it is not permissible to prove a waiver under a general allegation that there has been a full performance of all the provisions of the policy.

In the case of Love v. Kirkbride & Oil Co., 37 Okla. 804, 129 Pac. 858, the doctrine was announced in an opinion by Mr. Commissioner Sharp, now Chief Justice, that, though there be a variance between the allegations of a petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed to

conform to the facts proven, the judgment will not be reversed on account of such variance. .

In the case of Sims et al. v. Central State Bank, 56 Okla. 129, 155 Pac. 878. Mr. Commissioner Galbraith stated the rule as follows:

"Where there is a variance between the allegations of the petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed to conform it to the facts proved, the judgment will not be reversed on account of such variance."

It is not failure of proof in the instant case. But the evidence proves a waiver on the part of defendant, instead of a strict compliance with the terms of the contract. Little doubt can be entertained but that upon request an amendment should have been allowed, and we have treated this case as though an amendment had been made. No defense was predicated upon the failure of the plaintiff to furnish proof of death, but the entire defense was based upon the fact that the policy herein sued upon had lapsed for nonpayment of the quarterly premium. We are therefore constrained to hold that, in view of the fact that the evidence which is sufficient to prove a waiver was introduced without objection, and no demurrer was interposed that challenged the sufficiency of the evidence, or variance between the allegations of the petition on proof, that the defendant is not in a position in this court to take advantage of the variance between the allegations and proof adduced to substantiate them.

Under the fourth assignment of error, it is urged that the trial court committed error in granting permission to the plaintiff to amend her petition by interlineation. The record discloses that the plaintiff in her reply pleaded a full performance of the conditions contained in said policy; that defendant filed a motion to strike that part of the reply which pleaded a full performance. This motion was sustained, and thereupon plaintiff requested permission to amend her petition by interlineation. This permission was granted, and thereupon plaintiff amended her petition so as to plead a full performance of all the conditions contained in said contract of insurance.

Section 4790, Rev. Laws 1910, vests the trial judge with a broad discretion permitting amendments to be made when the amendment does not change substantially the claim of defense. The exercise of this discretion does not furnish grounds for reversal. unless it is made to appear that

there has been an abuse thereof by the trial court. Alcorn et al. v. Dennis, 25 Okla. 135, 105 Pac. 1012.

After this amendment was made, the defendant announced ready for trial, and no contention is made here that the action of the trial court in permitting this amendment operated prejudicially to the rights of defendant. There was no error in the action of the court in granting this permission.

The next assignment of error relates to the refusal of the trial court to give certain special instructions offered by defendant and refused by the court.

The first special instruction offered by the defendant was a request for an instructed verdict.

The second special instruction was a request that the court instruct the jury that if they should find by a preponderance of the evidence that the defendant, prior to the death of Ray A. Rardin, was not furnished with due and satisfactory proofs that the insured was totally disabled to such an extent as to render it impossible for him to engage in any gainful occupation whatever, then they should return a verdict for defendant.

The third special instruction was a request that the court should instruct the jury that if they found from a fair preponderance of the evidence that Ray A. Rardin was totally and permanently disabled in May or June, to such an extent that he could not engage in any gainful occupation whatever, then that assured had a right to elect either one of two provisions of the insurance policy sued on: First, he had a right to elect to pay the premiums as called for by the policy and keep it in force for the full amount of $5,000. Second, he had a right, upon giving notice to the insurance company of his disability, to elect to take the disability benefit provided in said policy to the effect that the company will pay $5,000 in annual installments of $250 per year. That these two provisions were inconsistent each with the other to such an extent that the insured was not entitled to claim both the beginning of his total and permanent disability, and the election of one by him was a waiver of the other and if the insured paid the premium on July 5, 1915, it amounted to an election on his part and binds the plaintiff in this action and prevents her recovery, unless you further find that all premiums falling due prior to the death of the insured were paid.

No. 4 was a special instruction requested by defendant to the effect that it was the

duty of the insured to furnish the defendant from time to time evidence satisfactory to it of his continued total disability, and a failure to furnish said evidence would bar a recovery.

The construction to be placed upon the insurance policy herein sued upon determines whether or not there was error committed in refusing the foregoing instruction offered by defendant. Counsel for defendant has cited no authority in support of the contention here urged that the provisions of this policy are so inconsistent that an election is required to be made by the assured as to which one he is claiming benefits under. No such provision is contained in the policy. If the contract is to receive this construction, it must be by implication. This contract was prepared by defendant, and it must be presumed that, if it had desired that it should receive the construction here contended for, there would have been no doubt left by the language therein used. When assured accepted this contract, he had a right to suppose that he and his beneficiaries would receive all the benefits which might be inferred from the fair and reasonable interpretation of its terms. If defendant desired the strict and literal construction here contended for, the provisions of its contract should have here been so plain that there could have been no doubt as to their meaning. It should not have waited until liability attached, and then seek a construction by implication for the purpose of working a forfeiture of said contract. There is no provision in the policy which requires assured to make any election, and we refuse to place such provision there by construction or implication. Friend v. Southern States Life Ins. Co., 58 Okla. 448, 160 Pac. 457, L. R. A. 1917B, 208. There was therefore no error in refusing the special instructions offered by the defendant and refused by the trial court.

It is urged here that, because no notice was ever communicated to the defendant of the total disability of the assured to engage in any gainful occupation, the plaintiff cannot make claim for the benefits under such provision. There is a total absence in this policy of a provision that fixes any specified time within which said notice should be communicated to the company. This being true, we are not warranted in saying that there was an unreasonable time elapsed between the expiration of the last quarterly payment and the death of the assured.

We are of the opinion that the material question to be determined, in order to fix liability under said contract, was whether or not the assured did in fact become totally disabled to the extent that he was unable to engage in any gainful occupation. When this condition attached, then the clause in said policy, which provides that all premiums therein would immediately cease, became operative. The construction that has been placed on this provision has been before the courts for construction in numerous cases, and it has been uniformly held that, when no specified time is provided for the giving of said notice after the disability has occurred, the failure to give such notice will not work a forfeiture of such provision. Preferred Accident Ins. Co. v. Fielding, 35 Colo. 19, 83 Pac. 1013, 9 Ann. Cas. 916; James v. United States Casualty Co., 113 Mo. App. 622, 88 S. W. 125; Dezell v. Fidelity Co., 176 Mo. 253, 75 S. W. 1102; Orient Ins. Co. v. Clark (Ky.) 59 S. W. 863; Flatley v. Phoenix Ins. Co., 95 Wis. 618, 70 N. W. 828; Woodmen Accident Ass'n v. Pratt, 62 Neb. 673 87 N. W. 546, 55 L. R. A. 291, 89 Am. St. Rep. 777; Taber v. Royal Ins. Co., 124 Ala. 681. 26 South. 252.

If the defendant intended that a failure to give this notice should deprive the assured, or his beneficiaries under said policy, of the benefits of this provision, then there should have been a clear and express provision for a forfeiture before this court will feel justified in enforcing it.

It is next urged that there was error committed by the trial court in giving instruction No. 4 in the general instructions submitted by the trial judge to the jury. The instruction complained of conforms to the views herein expressed as to the construction that this contract should receive. It therefore follows that there was no error in giving said instruction.

It is next urged that there was error committed by the trial court in refusing to permit a continuance in this cause after a considerable portion of the evidence had been received. It appears that some time in November the wife of the assured addressed a letter to the defendant at its home office in Galveston, Tex., in which it was set forth that the quarterly premium due on the 5th day of November had not been paid, and requested that the assured be furnished proper blanks for the reinstatement of said policy. Plaintiff admitted that she wrote this letter, but stated that no answer was ever received from the defendant relative to this request. The continuance was asked for the reason that the defendant desired time in which to take the depositions of certain officers in charge of the business of defendant to show that said letter so received by the plaintiff was in fact answered. We are

not prepared to say that there was any error committed by the court in denying the continuance asked for by defendant. We do not think the question as to whether or not said letter was answered was material to a consideration of the liability in this case. At this time the assured was confined to his bed, totally disabled, and lived only a short time thereafter. This being true, it was not necessary, in order to secure the benefits of this policy, to make any further payments of quarterly premiums. The provision of this policy, which provided that all premiums should cease, had long prior to the date of the communication made by the plaintiff herein to the defendant become effective, and the defendant was powerless to deprive the beneficiary of this policy of the benefits of this provision by any attempted forfeiture of this policy.

The foregoing assignments of error constitute all of the contentions here urged for a reversal that are material to a consideration of this case.

There is no controversy as to the real facts upon which liability is sought to be enforced. The matter resolves itself into a construction of the contract herein sued upon. It is not denied that the assured became totally disabled to engage in any gainful occupation prior to the 5th day of October, 1915, and that said total disability continued until his death on the 29th day of March, 1916.

Under the construction that we are constrained to place upon the contract, the defendant is liable to the beneficiary in the sum for which judgment was rendered. We therefore recommend that this judgment in all things be affirmed.

By the Court: It is so ordered.