## HAPKE, Exr., v. HAPKE.

No. 12276—Opinion Filed Nov. 6, 1923.

1. **Parent and Child — Rights After Majority — Support and Services.**

Where a child, after attaining majority, continues to serve and to be supported by the parent, neither party is entitled to compensation in the absence of an agreement therefor. Section 8037, Comp. Stat. 1921.

2. **Same — Promise of Parent to Pay for Services.**

The mere fact that a parent told his child that she should be provided for or well paid for her services rendered the family after she became of age, does not entitle her to recovery therefor. Reynolds' Adm'x v. Reynolds (Ky.) 18 S. W. 517.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by Minnie C. Hapke against Henry B. Hapke, executor of the estate of Henry F. Hapke, deceased. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Gus. Hadwiger, E. W. Snoddy, and J. P. Grove, Sr., for defendant in error.

A. J. Stevens, for plaintiff in error.

Opinion by JONES, C. This suit was filed in the district court of Woods county by defendant in error, Minnie C. Hapke, against plaintiff in error, Henry B. Hapke, executor of the estate of Henry F. Hapke, deceased.

The claim upon which the suit was based had been formerly filed with the executor

and disallowed, and also disallowed by the county court of Woods county. The plaintiff alleged that she was the daughter of Henry F. Hapke, deceased, and that by reason of a contract of employment for services rendered, the estate of Henry F. Hapke is indebted to her in the sum of $1,059 for work and labor performed from July 17, 1906, to the 10th day of June, 1919 —1,059 days at $1 per day. And further alleged that Henry F. Hapke died testate in Woods county, Okla., on the 16th day of July, 1919, and that Henry B. Hapke is a duly acting and qualified executor of said estate.

The defendant, Henry B. Hapke, executor, filed his answer by way of a general denial to all of the allegations of plaintiff's petition except such as are admitted, and specifically denies that any contract or agreement was ever entered into by the plaintiff and Henry F. Hapke, deceased. And avers that the plaintiff lived with the deceased as a member of the family, and that the deceased at all times supported and maintained the plaintiff with no contract or agreement that either should be paid for goods furnished or work done, and further answering says that on or about the 1st day of December, 1913, the said Henry F. Hapke made a last will and testament, which was duly probated in 1919, and that in such will ample provision for the welfare of plaintiff was made, and that the testator bequeathed to this plaintiff about one-half of his entire estate, and the other one-half to his son and other daughters, being seven in number.

Upon the issues thus joined the case was tried by the jury and a verdict returned for the plaintiff in the sum of $864 and judgment was rendered in accordance therewith, from which order and judgment of the court the defendant, plaintiff in error, appeals.

The defendant in error urges the fact or question that there is no assignment of error sustaining plaintiff in error's contention to the effect that the evidence wholly fails to establish an agreement on behalf of the father to pay for services.

The second assignment of error, however, is based on error of the court in overruling the plaintiff in error's demurrer to the petition of defendant in error, and the sixth assignment of error is:

"That the verdict of the jury was contrary to law and the evidence and the court erred in rendering judgment on said verdict."

We think this assignment covers the question raised, which is really one of the insufficiency of the evidence, and while there is no assignment of error which raises in a specific manner the question as presented by the plaintiff in error in his brief, we think the error assigned was sufficiently broad to cover the question as presented. The facts as disclosed by the evidence, briefly, show that she, the plaintiff, Minnie C. Hapke, was 52 years of age, and had lived with her parents all her life. That the mother died in 1905, since which time she seems to have been in charge of the home, and while the evidence does not disclose the fact, we assume that she had been provided for at all times by her father, as no contention to the contrary is made, and had enjoyed the benefits and privileges of the home in every particular. Miss Hapke was offered as a witness to testify concerning conversations with her father relative to compensating her for her services, and upon a timely objection which the court sustained she was not permitted to relate the conversations had with her father, which we think was a correct ruling in view of section 588, Comp. Stat. 1921, which prohibits any party to a civil action from testifying in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person when the adverse party is the executor, administrator, heir at law, etc. The plaintiff offered two other witnesses, who testified, in substance, that in a conversation with Henry F. Hapke, during his lifetime, the deceased said he expected to leave something for her, referring to Minnie C. Hapke, and that he meant to provide for her or wanted to provide for her, and made reference to the fact that she had remained with him and cared for him, and that she should be taken care of and compensated for such services, but no witness testified to any specific agreement as to what she was to receive, if anything, by way of wages, and we think this character of evidence is clearly insufficient to establish a contract for hire or for services. Section 8037, Comp. Stat. 1921, provides:

"Where a child after attaining majority, continues to serve and to be supported by the parent, neither party is entitled to compensation in the absence of an agreement therefor."

And R. C. L. volume 20, p. 595, paragraph 11, in treating of the question of parent and child where the grandfather assumes to act in loco parentis to his grandchild, states that:

"Under such circumstances there is no implied promise to pay for such services as the child renders in a family; and cas-

ual declarations or an intention to give the grandchild a part of his estate as (to) his own child, and that she (the grandchild) should be paid for her work are not sufficient to prove an actual contract for payment. The rule is the same even as to services rendered after majority of the grandchild, if the family relation remains unchanged. * * *"

And many authorities are cited in support of this rule, wherein the court said:

"On a trial to recover for services rendered for defendants' decedent by his daughter, two witnesses testified that they heard the father say the daughter ought to be paid for her services. Another testified that she had heard him say that she ought to have 'extra pay for her services to him.' Held insufficient to create a legal obligation, as in such cases the presumption is that the services were gratuitous." In re Kirkpatrick's Estate (S. C.) 13 S. E. 450.

And in Kirkpatrick v. Gallagher, 34 S. C. 255, 13 S. E. 450, and Stallings v. Ellis, 136 N. C. 69, 48 S. E. 548, the same rule is announced. See Reynolds' Administrator v. Reynolds, 92 Ky. 556, 18 S. W. 517, wherein the court said:

"The mere fact that a parent told his child that she should be well paid for her services rendered the family after she became of age does not entitle her to recovery therefor"

—and in the body of the opinion we find this language:

"In this case the children, save the appellee, had left the parental roof and she was mistress of the household. She had charge of the servants, controlled all the affairs about the house, entertained her company, dressed as was suitable for one in her position in life; and, while she assumed the burden, there went with it many of the pleasures as well as profits resulting from the position she occupied. The filial devotion of the plaintiff to her parents is to be admired, and, whatever may be said, and truly said, of her real worth, still if a precedent should be established by which the mere declarations of the parent that his child should be well paid for her services, and she deserved pay, and he intended to provide for her, are to be regarded as a contract, or as evidence sufficient upon which to infer that such a contract existed, then almost every child could make out a case against parents for services, rendered after arriving at age, and in families with many children it would result, in parents being involved in litigation and strife."

Also the same rule is announced in the case of Zimmerman v. Zimmerman, 129 Pa. St. 229, 18 Atl. 129, Dodson v. McAdams, 96 N. C. 149, 2 S. E. 453, and Lineback v. Smith (Ark.) 215 S. W. 662. We think these authorities and the rule therein announced dispose of this case. However, we will mention the second assignment of error complained of, which raises the question of error committed by the court in refusing to permit defendant, plaintiff in error, to introduce the will showing that the deceased had bequeathed to the plaintiff, Minnie C. Hapke, his home in the city of Alva, and an insurance policy for the sum of $2,000, which apparently constitutes about one-half of his estate, and while evidence of this character is not competent for the purpose of either proving or disproving an agreement or contract, we think in this particular character of cases that it was error to refuse to permit the introduction of the evidence for the reason that it was by way of explanation, and would throw light on the intention and desires of the deceased, and would in a great measure explain the declarations made by him to the effect that he desired to take care of and provide for his daughter, Minnie C. Hapke, and would tend to explain what he meant by such statements, and would raise a question of fact for the jury to determine what his meaning and intention was by reason of the declarations made, but this evidence is not necessarily material in this case in its present status for the reason the declarations made, standing alone, are insufficient to constitute proof of any agreement or contract, and hence no explanation was necessary.

The third assignment of error goes to the same question as the second, and finding that the first question discussed is decisive of the rights of the parties in this case, we make no further mention of the other errors assigned, and recommend that the case be reversed and remanded for proceedings in conformity to this opinion.

By the Court: It is so ordered.