## FLINT v. FISKE.

No. 25562.   May 7, 1935.

Rehearing Denied June 18, 1935.

W. E. Disney, Glenn Alcorn, and Robert W. Reynolds, for plaintiff in error.

Chas. R. Bostick and C. J. Hindman, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, a surgeon of Santa Fe, N. M., against the plaintiff in error for an alleged balance due on account for medical services rendered. Omitting the caption and the verification, the petition reads as follows:

"Comes now the plaintiff, Eugene W. Fiske, and for cause of action against the defendant, Charles W. Flint, states:

"That said defendant is indebted to plaintiff herein on account for medical services rendered and furnished to said defendant by plaintiff at the special instance and request of said defendant, in the sum of $543, which said sum said defendant contracted and agreed to pay to said plaintiff.

8

"A full, true and correct account of said services, together with all credits and offsets to which defendant is entitled, which account is duly verified, is hereto attached, marked exhibit 'A', and made a part hereof by reference as fully as if set out at length herein.

"That said sum is just, due and wholly unpaid; that said defendant has failed, neglected and refused to pay any part of said sum of $543, although demand for payment has been made. Wherefore, plaintiff prays judgment against said defendant in the sum of $543, with interest thereon at the rate of 6 per cent. per annum from the 23rd day of December, 1930, and for the costs of this action.

"Bostick & Hindman,
"Attorneys for Plaintiff."

Exhibit "A".

"Santa Fe, N. M. 5-18-1932

"Mr. Charles Flint,

"Tulsa, Oklahoma.

"To Eugene W. Fiske, M. D. Dr.

"To Professional Services Assisting operation and care Billy  $750.00
"Care Mrs. Flint and Pauline  43.00
"Credits—12-23-30  250.00
"Amounts Less Credits  543.00"

The petition was duly verified. The defendant answered by general denial, and further denied that he owed the plaintiff the sum of $543 as alleged in the petition, "or any other sum, and said account sued upon is not just, true and correct." Defendant further answered that he never agreed to pay the plaintiff the sum of $793 or any other sum, and "that he is only obligated to pay a reasonable sum for said services; that a reasonable charge for said services would not be more than $250 which was paid to the plaintiff"; the answer was duly verified.

A jury was waived and the cause was tried to the court. No findings of fact or conclusions of law were requested and none were made. The trial court rendered judgment for the plaintiff in the sum of $543, the amount sued for. Defendant, plaintiff in error here, appeals to reverse said judgment.

Plaintiff in error raises two assignments of error in his brief. His first proposition is that plaintiff's petition charged an express agreement, containtd no cause of action based on quantum meruit, and no evidence of an express contract was introduced by the plaintiff, and that there was

a variance between the allegations of the petition and the proof. An examination of the plaintiff's petition, which is above quoted, clearly shows that plaintiff did not allege and sue upon an express contract. He did say that the defendant had contracted and agreed to pay the balance due upon the account, but this assertion, taken in connection with the other parts of the petition, cannot reasonably be construed to allege an express contract. It is clear from a reading of the petition, above quoted, that the most that can be said in this respect is that the petition is indefinite and uncertain as to the allegations of an express contract. The petition would have been subject to a motion to make more definite and certain, but the defendant did not file such motion. The plaintiff in error cannot now predicate a variance between the petition and proof upon the theory that the petition alleges an express contract, Producers' Supply Co. v. Shirley, 69 Okla. 117, 170 P. 504.

The second proposition presented by the brief of plaintiff in error is that no competent evidence was produced for a recovery upon a basis of quantum meruit for the reason that plaintiff's charge for service was based upon the financial circumstances of the defendant and not upon the services rendered.

The plaintiff testified that he was a physician and surgeon duly licensed to practice medicine in New Mexico and was located in Santa Fe; that he was a graduate of a medical college, had served an internship, and had done post-graduate work, and had had sufficient experience in surgery to make a fellowship in the American College of Surgeons, and had practiced medicine in the state since the year 1917. That on July 16, 1930, he was called to Bishop's Lodge, a pleasure resort at Santa Fe, N. M., to see Billy Flint, the son of the plaintiff in error, and that he diagnosed the illness as acute appendicitis; that there was no other member of the family present except a little sister; that he got in touch with the boy's father at Tulsa, Okla., and the boy's father brought a Tulsa doctor by aeroplane; that the Tulsa doctor operated and that he assisted; that the operation confirmed his diagnosis; that the Tulsa doctor and the father of the patient left within 48 hours after the operation and left the patient in his care at the hospital; that he attended the patient until he had recovered and made a charge of $750; that he attended Mrs. Flint and the little girl on several occa-

sions and made a charge of $43 for that service. On direct examination the defendant in error testified as follows:

"Q. Besides the actual assistance at the operation, what other elements were taken into consideration? A. The fact that I was given the responsibility of another man's work; given that responsibility over a period of time without the presence of either parent or anyone else who was responsible for the youngster; and the fact that the man who could afford to bring a surgeon in, in a privately chartered aeroplane, keep that plane here for a day or two, and from the fact that his family were living in such a way here as to indicate that they were well able to pay that fee. Q. Please state whether or not in your opinion the charge is reasonable for the work done and your responsibility assumed? A. I think so in this case, yes, sir."

Upon the objection of counsel the last quoted question and answer were stricken.

The witness further testified that he sent a bill to Mr. Flint for $793 and received a check on the 23rd day of December, 1930, for $250 and no other payments had been made; that upon receipt of that check and a letter from Mr. Flint, the doctor wrote a letter to Mr. Flint and received in response the following letter, which was introduced in evidence:

"Tulsa Rig, Reel and Manufacturing Company,

"P. O. Box 2072, 802 Atlas Bldg. Tulsa.

"Januuary 12, 1931.

"Eugene Wm. Fisk, M. D.,
"Transportation Bldg.,
"Santa Fe,
"New Mexico.

"My dear Doctor:

"I have your long letter of December 28th and, due to the fact I have been away from town most of the time, I have not answered it until now.

"I have read and re-read this letter and have come to the conclusion I am going to pay exactly what you invoiced me for your fees. It was a good letter, doctor, and I am, as I was when I wrote you, torn between two points—one was, I thought it was too much and the other was, I had so much appreciation and faith in you, I did not want to squabble over the bill.

"Your letter is all true, in every way, and I cannot forget that you did as much, if not more, for me than the practical operation itself. Your treatment of us and your attention to the case, before and after the operation, was all that could possibly be by any doctor, and I appreciate it very much, indeed.

"I note what you say as to the way my family lived there this summer, and that, also, was true. Possibly, if they had not spent so much money, I would not be 'hollering' about this doctor bill, as I am. I am not a rich man and do pay out too much on my family, which probably has kept me from being a rich man; however, I want to feel that you are my friend, and I am yours, and, if we should ever meet again, I would want to have you see me; also, vice versa.

"I have decided that you are right, and am going to pay the bill in full. Wish you would cash that check and I will send another some time this month and then pay the balance sometime in February, if all right with you, making three payments on the entire bill.

"Kindly let we know if that will be satisfactory with you. I wish, also, to, personally, thank you for writing me the frank letter that you did, and apologize for not having taken this up with you sooner, but it is one of those things I hated to do and because I did hate to, kept putting it off.

"With kindest regards to you, I am

"Very truly yours,
"(Signed)
"CWF: VDC        Charles W. Flint."

The defendant testified that upon receiving the bill for services from the doctor, he sent a check for $250 and a letter telling him that he thought the charge of $750 was too much; that after that, upon receipt of a letter from the doctor, he wrote the letter which was introduced in evidence; that he refused to pay more than the $250, because the bill was too much and he figured $250 was sufficient.

From this testimony it is evident that after receiving the letter from the doctor, which prompted the writing of the letter in evidence, the plaintiff in error agreed that charges were not too much; he said: "I have decided that you are right, and I am going to pay the bill in full." The letter written by the doctor is not in the record. The doctor testified that he did not keep a carbon copy of it. The plaintiff in error testified that it was a long letter, very sentimental, telling how much he had done. The plaintiff in error could have produced that letter had he considered it of any help, or shown that it was lost. He did neither.

We find that the record shows competent evidence amply sufficient to support the judgment of the trial court, and the judgment of the trial court is affirmed.

It is further adjudged and decreed by this court that the defendant in error, Eugene W. Fisk, have judgment on the supersedeas bond made herein against the plaintiff in error, Charles W. Flint, and his sureties, Roy Lundy and K. S. Flint, for the sum of $543, with interest thereon at the rate of 6 per cent. per annum from the 23rd day of December, 1930, until paid.

The Supreme Court acknowledges the aid of Attorneys Louis A. Ledbetter, B. F. Davis, and R. S. Norvell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Norvell and approved by Mr. Ledbetter and Mr. Davis, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.