McFEETERS v. CECIL, Adm'r.

No. 26001.    Sept. 15, 1936.

Mauntel & Spellman, for plaintiff in error.

E. W. Snoddy, for defendant in error.

RILEY, J. This is an action commenced by plaintiff in error upon a claim presented to and disallowed by defendant as administrator of the estate of A. M. Cecil, deceased.

The claim sued upon was:

"To services rendered in caring for Mrs. A. M. Cecil from October 27, 1912, to January 1, 1925, (a) $100.00, per year____ $1,232.00

"And from January 1, 1925, to January 1, 1932, (a) $250.00 per year _____ 1,750.00

"Total _____ $2,982.00"

The claim was in proper form and was presented to the administrator in due time.

Trial was had to a jury, resulting in a verdict and judgment for plaintiff in the sum of $750.

Motion for a new trial was filed in due time by plaintiff, alleging errors of law occurring at the trial, and error of the court in giving instructions numbered 3 and 4.

By said instructions plaintiff's right, if any, to recover was limited to services rendered within three years next preceding the death of A. M. Cecil, which occurred on September 30, 1932.

The principal question presented is whether the three-year statute of limitations applies to claim for services of the nature here involved. The petition alleged the services sued for were nursing, caring for, assisting in the housekeeping, sewing, other services and work for the said A. M. Cecil and caring for the wife of A. M. Cecil, all at the special instance and request of said A. M. Cecil, continuously during the period from October 27, 1912, to January 1, 1932.

Plaintiff's husband and A. M. Cecil's wife were brother and sister, and Cecil lived with his wife on a farm near Alva, Okla. Plaintiff and her husband lived most of the time covered by the claim in Wichita, Kan.

It appears that Mrs. Cecil became an invalid sometime in 1912. In October of that year she was operated upon in a hospital at Wichita, and thereafter she was never well until her death in August, 1932, nearly 20 years. She was treated from time to time by physicians in Wichita, and was often taken there for treatment. She was in the hospital at Wichita two or three times, but at all other times while in Wichita she stayed at the home of plaintiff and was nursed and cared for by plaintiff. Her trips to Wichita would be from about one to two months apart, and she would stay in Wichita from three or four days to several weeks. When not in Wichita she was with her husband on the farm. From time to time plaintiff would go from her home in Wichita to the home of Mrs. Cecil to nurse, care for, and look after Mrs. Cecil, and assist in doing the housework. She was not with Mrs. Cecil continuously, but, as stated in plaintiff's testimony, she visited and assisted sometimes for three or four days, and at other times for four or five weeks. There was no evidence of a definite agreement in regard to the period of employment, or the mode or rate of compensation. If there was any contract or agreement, it was, under the evidence, an implied contract.

Where services are rendered for a long period under such circumstances, the authorities are in conflict as to when the statute of limitations begins to run. There appear to be three lines of decisions on the question.

In Illinois (Freeman v. Freeman, 65 Ill. 106), North Carolina (Miller v. Lash, 85 N. C. 51), and other jurisdictions, the rule is that in such cases the law implies a promise to pay for the services when rendered, so that an action may be brought at any time during the course of their rendition, and hence no recovery can be had for services rendered more than the statutory period before action is brought. 37 C. J. 825.

Under this rule it matters not whether the services be continuous or intermittent. Freeman v. Freeman, supra.

Another rule is:

"* * * Where services are performed under a general hiring without any express agreement as to the time or measure of compensa-

tion or the term of emp'oyment, and the services continue for a series of years, no payments being made, the law, for the purpose of determining when the statute begins to run, will not imply an agreement that the payment of compensation shall be postponed to the termination of the employment, but will regard the hiring as from year to year and the wages as payable at the same time." 37 C. J. 825.

There are certain recognized exceptions to this rule, but there is no evidence in this case to bring it within any of the exceptions. Therefore, applying the rule just stated, plaintiff was limited to services rendered within the three years next before the death of Mr. Cecil.

In Kansas (Grisham v. Lee, 61 Kan. 533, 60 P. 312, and California (Mayborne v. Citizens Trust Bk., 46 Cal. App. 178, 188 P. 1034), the following rule is applied:

"If there is a single hiring, and the term of services of the employee, and also the time when his compensation shall become due, are not fixed by agreement or understanding, and the hiring and service continue without interruption or payment until the death of the employer, the employment, in the absence of evidence of a general custom or usage, may be deemed continuous, and the statute of limitations will not begin to run against a claim for compensation until the services are ended."

This rule has been followed in other cases in Kansas and California and in Gulbranson v. Thompson (Utah) 222 P. 590; Indiana (Grave v. Pemberton, 3 Ind. App. 71, 29 N. E. 177); Knight v. Knight (Ind.) 30 N. E. 421; Scott v. Wilson, 185 Iowa, 468; Morrissey v. Fawcett, 28 Wash. 52, 68 P. 352, and perhaps in other states. But in all these cases there was but a single hiring and the services were continuous, or substantially so.

In this case the trial court held, and so instructed the jury, that the evidence does not show a single hiring for the continuous performance of the work and services during the period of years involved.

The record bears out the holding, as the evidence shows many intervals in which no services were rendered by plaintiff, and particularly was this true, as pointed out by the trial court, when the same services, or substantially the same, were rendered by another. Also it was true in the year 1917, when plaintiff was away and lived for sometime in eastern Oklahoma.

The service did not continue to the death of the employer. It is conceded that no services were rendered after the first part

of 1932, and that A. M. Cecil died in September 30, 1932.

Under the record in this case, the rule stated in Grisham v. Lee, supra, and similar cases, is not applicable and there was no error in the instructions on the question of limitations.

A suggestion is made in the brief of defendant in error that plaintiff was an incompetent witness to testify concerning the transactions had with deceased. But, as there is no cross-appeal and no cross-petition in error by defendant, this question cannot be considered.

There being no substantial error, the judgment and order denying the new trial are affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. BUSBY and PHELPS, JJ., absent.