**J. L. MOSLEY, as Administrator of the Estate of Thomas A. Mosley, deceased, Plaintiff in Error,**

**v.**

**Minnie MOSLEY, Defendant in Error.**

No. 37732.

Supreme Court of Oklahoma.

Jan. 28, 1958.

Jere G. Crowley, Enid, for plaintiff in error.

Dwight Malcolm, Lawton, for defendant in error.

DAVISON, Justice.

This action was commenced by Minnie Mosley, as plaintiff, against J. L. Mosley, administrator of the estate of Thomas A. Mosley, deceased, as defendant, upon a rejected claim against said estate for the value of services rendered by plaintiff in caring for defendant's decedent during the last four or five years of his life. The parties will be referred to in the same order in which they appeared in the trial court, inversely to that in which they here appear.

Thomas A. Mosley died intestate on December 11, 1955, and his brother, the defendant herein, was duly appointed administrator of his estate. Within the time allowed after the giving of notice to creditors, the plaintiff, who was a sister of the deceased and of the administrator, presented, to said defendant for allowance, her claim against the estate for $3,943 for board, room and services, furnished to said decedent from August 7, 1951 to December 7, 1955, and for ambulance service paid for by her. The claim was automatically rejected by failure of the defendant to act thereon within the time provided by law. This action ensued. A trial to a jury resulted in verdict and judgment for plaintiff for the amount sued for, from which the defendant has perfected this appeal.

■ The first proposition presented is the alleged insufficiency of the evidence to support the judgment. The record contains testimony of numerous witnesses, four of them being sisters of the parties. Two testified for plaintiff—two for defendant. The following state of facts were established thereby. In the summer of 1951, the deceased was in a hospital in Oklahoma City for an operation and plaintiff was living alone in her home in Lawton, Oklahoma. She and deceased were single, neither ever having been married. Plaintiff was renting a part of her home as an apartment for $70 per month. After the operation, deceased stayed a few weeks with a married sister in Oklahoma City and then went to plaintiff's home where he remained until his death some four years or more later. Soon after deceased moved in with plaintiff, her tenants vacated and deceased occupied those quarters from then on although he also made use of the remainder of the house. He was not bedfast but was in ill health all the time due to recurring heart attacks. Plaintiff kept house, furnished and cooked all the meals and did all of deceased's laundry. Much of the time, his health was such that he required special care and nursing which duties plaintiff also performed. The overall amount for which she filed claim was computed on the basis of $75 per month. Two witnesses testified that the reasonable value of such services was $100, monthly. There was testimony that, on several occasions, deceased had stated that he was going to take care of plaintiff for the services she had rendered. He also stated that he intended to pay her for taking care of him.

■ Defendant relies primarily upon the decision in the case of Hapke v. Hapke, 93 Okl. 180, 220 P. 660, wherein, a child of the deceased remained in the family home and was housed and fed by her father long after reaching majority. In her action seeking compensation for her services in caring for her father, this court held that the proof was not sufficient to overcome the presumption that such services were gratuitous. A vastly different situation obtains here. In the case before us, the deceased went to live with the plaintiff in her home and at her expense. She furnished the board and room and laundry in addition to her personal services. She suffered the lack of rental income from the apartment because of it. The claimant and deceased did not constitute a "family" as did the parties in the Hapke case above, because there was no obligation which she owed to deceased to furnish anything. They were two individuals who, although closely related, were in no wise obligated to each other as were the parties in the Hapke case. There, there was no presumption that the services were gratuitous and, under such circumstances, "the burden of proof is upon the person who received such services, or his estate, to prove that the services performed by one not a member of the family were gratuitous." In re Smith's Estate, 202 Okl. 302, 213 P.2d 284, 285.

■ Proof of the approximate value of property in the estate indicated the financial independence of deceased and removed any doubt that the services might have been gratuitous because of the inability of the deceased to pay therefor. Defendant insists that such testimony was irrelevant and prejudicial. We view it as material evidence tending to show the likelihood of a

424

contractual relationship. "A fact or circumstance is relevant if it legally tends to prove some matter in issue or to make a proposition in issue more or less probable." Price v. Rogers, 201 Okl. 678, 209 P.2d 683, 684.

■ In cases such as the one now being considered, it is often impossible to establish the facts with the same degree of definiteness as in other cases. "Direct evidence on this particular issue is limited by death of decedent and the disqualification of plaintiff to testify concerning transactions with decedent." Juckes v. Rogers, 206 Okl. 663, 246 P.2d 335, 336. As pointed out in the last cited case, we will not substitute our judgment for the judgment rendered on the verdict and the verdict will not be disturbed on appeal where there is any competent evidence reasonably tending to support it. This follows, and is in harmony with, the decision in the case of Colpitt v. Smith, 180 Okl. 627, 71 P.2d 711. As measured by these rules of law, the evidence herein was sufficient to support the jury's verdict and the judgment founded thereon, and it was not prejudicial error for the trial court to inform the jury in the instructions, why the plaintiff, because of the dead man's statute, did not testify in her own behalf.

■ Defendant, although making no attack on the petition or objection to testimony in support thereof, contends that the trial court erred in instructing the jury on the theory of quantum meruit. That question was adversely determined in the case of Producers Supply Co. v. Shirley, 69 Okl. 117, 170 P. 504, wherein, it was held that,

"Where a petition alleges facts showing a contract, the performance thereof by plaintiff, and the amount due plaintiff, but is indefinite and uncertain as to whether the contract was express or implied, no attack having been made upon the uncertainty of the petition, a variance does not arise because the proof shows that plaintiff is entitled to recover upon quantum meruit, and not upon express contract."

■ The final proposition urged by defendant is that plaintiff was barred by the statute of limitations from recovering for any services rendered more than three years prior to the filing of her action. One of the instructions requested by the defendant and refused by the trial court embodied this proposition. He here asserts that the opinion in the case of In re Smith's Estate, supra, sustains his position. With this contention, we do not agree. The question, rather than being there determined, was, instead, specifically rejected as not being before the court; However, a thorough discussion with citation of authority is contained in the case of McFeeters v. Cecil, 177 Okl. 545, 60 P.2d 801, 803, wherein the rule was stated as follows:

"If there is a single hiring, and the term of service of the employe, and also the time when his compensation shall become due, are not fixed by agreement or understanding, and the hiring and service continue without interruption or payment until the death of the employer, the employment, in the absence of evidence of a general custom or usage, may be deemed continuous, and the statute of limitations will not begin to run against a claim for compensation until the services are ended."

The facts in the instant case bring it squarely within the applicability of the quoted rule. The statute of limitations was not involved and the trial court was correct in refusing to give the requested instruction.

The judgment is affirmed.