Nos. 367,575 and 368,216

## A-1 BEVERAGE COMPANY, INC.

### v.

## AMERICAN DRY GINGER ALE COMPANY, INC.

(September 24, 1954)

*Adlow, C. J.* Two actions of contract to recover instalments due under the terms of a written agreement executed on June 16, 1953 by and between the American Dry Ginger Ale Company, Inc., hereinafter referred to as the licensor, and the A-1 Beverage Co., Inc., hereinafter referred to as the licensee.

On March 16, 1953, the licensor and licensee entered into a contractual arrangement described as a franchise agreement by virtue of which the licensee became privileged to bottle, sell, and distribute beverages known as "American Dry" under the licensor's trade marks and trade names in certain specified areas. The licensee in turn became obligated to purchase certain ingredients essential to the manufacture of the beverages concerned from the licensor and to observe certain prescribed restrictions with respect to the manufacture, sale, and distribution of these products. It is unnecessary to set forth in detail all the terms of this franchise agreement. Such terms as appear to bear on the issue raised by this report will be noted presently.

On June 16, 1953, the licensor and licensee by written agreement cancelled this franchise agreement, and released each other of all obligation except in the following respect:

(1)  The licensor agreed to pay to the licensee $4,374.80 in instalments as follows:

$1,868.65 on June 30, 1953.

$1,992.80 on July 7, 1953.

$513.35 on July 14, 1953.

(2)  The licensor agreed to take back from the licensee and to pay it in accordance with scheduled rates for bottles and manufactured goods not to ex-

ceed 800 cases, for empty cases, and bottles, for crowns and labels, and for full gallon containers of extract.

(3) The licensee agreed that Paragraph 15 of the franchise agreement should remain in effect despite the cancellation of the rest of the agreement.

On June 30, 1953 the licensor paid to the licensee the payment due on that date under the terms of the cancellation agreement. It did not make the payments scheduled for July 7 or July 14, and in these two actions the licensee seeks to recover them.

In answer to the plaintiff's claim the defendant alleges damage suffered by it as a result of the negligent and improper manufacture by the plaintiff of "American Dry" beverages during the life of the franchise agreement.

At the trial the defendant offered evidence purporting to show such damage, and, on objection of the plaintiff, the evidence was excluded. The sole issue raised by this report concerns the propriety of the court's ruling in excluding this evidence.

To provide a basis for its right to recoup in damages the defendant relies on the provisions of Paragraph 15 of the franchise agreement, which paragraph was specifically excepted from the operation of the cancellation agreement. Paragraph 15 provides:

"The licensee shall assume full responsibility in connection with the manufacture, bottling, sale and distribution of "American Dry" beverages in the prescribed territory, and in no event shall the licensor be held responsible for improper preparation, bottling or manufacture of "American Dry" beverages, or be liable for any claims growing out of any acts of the licensee".

It has been urged by the defendant that this provision of the franchise agreement conferred on it from the very outset a right to recover damages from the plaintiff for any improper preparation or distribution of "American Dry" beverages which might

result in damage to the trade name or good will of the defendant corporation. If the licensor intended such consequences, the franchise agreement made no provision for it. When the licensee assumed "full responsibility in connection with the manufacture, bottling, sale and distribution of "American Dry" beverages in the prescribed territory" it did not thereby extend the scope of its legal responsibility. Such an undertaking has been most properly described as an agreement of indemnity, designed to protect one of the contracting parties from the burdens of the "products liability" claims which are an incident in the promotion of the business of these parties. *Corrigan Transit Co. v. Sanitary Dist. of Chicago,* 137 Fed. 851, 855.

A careful examination of the 26 paragraphs of the franchise agreement fails to disclose any specific provision whereby the licensee holds itself obligated to pay damages of any sort to the licensor because of any failure on its part in the promotion of the purposes of the franchise agreement. By Paragraph 13 the licensee agrees:

"To exert its best efforts to properly and competently bottle and distribute "American Dry" beverages throughout the prescribed territory——." It is unnecessary to decide whether this provision would suffice to impose a greater legal burden on the licensee. Whatever legal consequence it entailed disappeared with the execution of the cancellation agreement.

In the interpretation of contracts it must be presumed that words have been employed for the purpose of expressing the intent of the parties, and whenever practicable every word should be given effect. *Rocci v. Massachusetts Accident Co.,* 222 Mass. 336, 343.

That the parties used 26 paragraphs to express the details of their original arrangement, and that in Paragraph 13 the licensor prescribed a standard of workmanship in the manufacture of the product should suffice to reveal the true intention of the

parties with respect to Paragraph 15, which was concerned with indemnity and not legal responsibility.

Aside from all these considerations a construction of this agreement must be adopted which if possible will give force and effect to all its provisions. *Ferguson v. Union Mutual Life Ins. Co.*, 187 Mass. 8, 10. If the defendant's contention is seriously entertained the cancellation agreement of June 16 loses all legal significance. Instead of terminating a business arrangement as the parties intended, it will serve only to promote controversy and litigation. Only by limiting the provisions of Paragraph 15 to matters of indemnification does the cancellation agreement achieve its purpose. There was no error in excluding the proferred evidence.

*Report Dismissed.*

Stone & Glaser, for the plaintiff.
Julius H. Soble, for the defendant.